## Case No. 4,203.

DUTCHER v. MARINE NAT. BANK.

[12 Blatchf. 435;[1] 11 N. B. R. 457.]

Circuit Court, E. D. New York. Feb. 9, 1875.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Tracy, Catlin & Brodhead, for plaintiff.
Waldo Hutchins, for defendant.

WOODRUFF, Circuit Judge. The bill herein is filed by the complainant, as assignee in bankruptcy of the Central Bank of Brooklyn, a corporation created by or under the laws of the state of New York. The defendants are alleged to be stockholders in that corporation. The object of the bill is to enforce that provision of the constitution of the state of New York which declares that the stockholders of such a corporation shall be individually liable for the debts of the corporation, to the amount of the stock held by them respectively. The defendants demur to the bill.

I am of opinion that the demurrer is well taken. The liability thus provided for is purely collateral to the liability of the bankrupt debtor. It is a liability to, and created a right in favor of, the creditors of the corporation, and is not a liability to the corporation itself, nor, in any legal sense, for the benefit of the corporation. It is neither property, nor a right of property, nor a credit of the bankrupt. In some broad sense, having respect to the rights of the creditors, it may be called a provision for the payment of debts, and, in that sense, as insisted by the counsel for the complainants, "assets," but not assets of the bankrupt. The assignee in bankruptcy has no legal or equitable title, right, or interest therein.

It is not like a charge upon land devised for the payment of debts, which can be enforced by the executor, for, there, he has, in virtue of his title to the personal estate, a direct interest in enforcing the charge, for the exoneration of such personal estate and himself from liability for such debt.

It is not like unpaid subscriptions to the capital stock, as in Sawyer v. Hoag, 17 Wall. [84 U. S.] 610, for, the liability of the stockholder there was a liability to the corporation, and passed, as such, to the assignee in bankruptcy. It was a fund belonging to the corporation, for all purposes; and any act of the corporation itself, which fraudulently or inequitably operated to deprive the creditors thereof, was properly held void. In that respect, acts of the corporation defeating the just rights of creditors to have that liability enforced for their benefit, were of the same nature as fraudulent conveyances of any other property of the bankrupt.

Nor will the case of Story v. Furman, 25 N. Y. 214, 231, furnish any support to this bill. The question there was, whether, in regard to certain corporations, an act of the legislature of the state of New York, authorizing the trustees, in case of a dissolution of the corporation, to enforce this liability of the stockholders, was constitutional. The court deemed it competent for the legislature to provide a mode of enforcing such liability; and that the question was one of remedy merely. So far as the case depended upon that specific statute, it implies that, but for that statute, extending the power of trustees over their specific subject, no such power existed, and the creditors would be compelled to file a bill, or institute actions in their own behalf. No such express authority is conferred by the bankrupt law on the assignee, or upon this court, upon his application by bill or otherwise. It is unnecessary to deny the correctness of the observations of the court, in the case last named, to the effect that this liability constitutes a fund in equity for the payment of debts, or that a court of equity, on bill filed by a creditor or creditors, would, in virtue of its general power and jurisdiction, be competent to appoint a receiver, and clothe him with authority to enforce this liability of stockholders. That is not the question here. If the assignee in bankruptcy has any power over the subject, it must be found in the bankrupt law itself, and that must be consulted to determine whether, at his instance, as complainant, this court can exercise any jurisdiction in the matter.

In a suit brought in the district of Connecticut, in Bristol v. Sanford [Case No. 1,893], a similar question was considered and decided by the circuit court. The circuit court held, upon views not unlike those above stated, that the assignee could not maintain his suit.

The demurrer must be sustained, and the bill be dismissed.