## ALBERT G. LANE *et al.*

*v.*

## SAMUEL M. NICKERSON *et al.*

*Filed at Ottawa May 14, 1881.*

1. CORPORATION—*remedy of creditor against stockholders.* In order to enforce penalties imposed upon stockholders of a corporation by its charter, which are not part of the assets of the company, the suit must be at law, in the name of the individual creditors, each for himself.

2. BANKRUPTCY—*rights of action passing to assignee.* Unpaid subscriptions to the capital stock of a corporation are a part of the assets of the corporation, and pass by a decree in bankruptcy to the assignee, who alone can sue for their collection; and the fact that he has failed, for any cause, to bring suit within two years from the date of his appointment, to collect such subscriptions, will not give the creditors of the corporation the right to bring such suits in their own names.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. E. G. ASAY, and Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellants:

That a court of equity has jurisdiction to enforce payment of unpaid subscriptions to insolvent corporations for the benefit of creditors, see *Adler* v. *Milwaukee Brick Co.* 13 Wis. 67; *Spear* v. *Grant,* 16 Mass. 9; *Vose* v. *Grant,* id. 505; *Wood* v. *Dummer,* 3 Mason, 308; *Ward* v. *Griswold-ville Manf. Co.* 16 Conn. 593; *Mann* v. *Pentz,* 3 id. 415; *Nathan* v. *Whitlock,* 9 Paige, 152; *Henry* v. *V. and A.*

*Railroad Co.* 17 Ohio, 187; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380.

Messrs. HITCHCOCK, DUPEE & JUDAH, for the appellee Nickerson:

Jurisdiction can not be sustained on the ground of trust. The legal definition of a trust excludes a stockholder, as such, merely from the operation of the rule that would charge him with a trust.

A trust is a confidence reposed in some person, and arises either expressly, by some form of engagement, or grows out of transactions between the parties, who are, respectively, trustee and *cestui que trust.* If it be meant, however, only that the obligation of a stockholder to pay for his stock is part of a trust fund, to be collected and administered as such by the corporation and its assignees in bankruptcy, or otherwise, and by courts of chancery through their receivers, then we admit fully the proposition. The following are the principal cases upon the subject, but not one of them contains an intimation that a stockholder, by virtue of his relation as such to the corporation or its creditors, is a trustee: *Wood* v. *Dummer,* 3 Mason, 308; *Curran* v. *State of Arkansas,* 15 How. (U. S.) 304; 2 Story's Eq. Jur. sec. 1252; *Vose* v. *Grant,* 15 Mass. 519; *Hightower* v. *Thornton,* 8 Ga. 494; *Dudley* v. *Price,* 10 B. Monroe, 86; *Ward* v. *Griswoldville Manufacturing Co.* 16 Conn. 593; *Mann* v. *Cooke,* 10 id. 188; *Richards* v. *Insurance Co.* 43 N. H. 263; *Hartford and New Haven Railroad Co.* v. *Kennedy,* 12 Conn. 510; *Henry* v. *Vermilion Railroad Co.* 17 Ohio, 187; *Barry* v. *Merchants' Exchange Co.* 1 Sanford Ch. 280; *Briggs* v. *Pennimann,* 8 Cow. 395; *Nathan* v. *Whitlock,* 3 Edw. 215; *same* v. *same,* 9 Paige, 152; *Nevitt* v. *Bank of Port Gibson,* 6 Sm. & M. 513.

The cause of action against the stockholders has become vested in the assignee in bankruptcy by the decree of the Federal court.

It may be regarded as settled, that a mere debtor to the bankrupt is not a claimant of an adverse interest, within the meaning of this section. An adverse claimant is one who asserts a property interest in the subject matter of the suit, in opposition to the assignee. *Sedgwick* v. *Casey,* 4 B. R. 496, S. C. 3 C. L. N. 177; *Swith* v. *Crawford,* 9 B. R. 38 S. C. 6 Ben. 497; *Carr* v. *Lord,* 29 Me. 51.

The bill shows no liability on the part of Nickerson.

Mr. JOHN N. JEWETT, for the appellee Edwin H. Sheldon:

Mr. Sheldon, as a subscriber to the stock of the corporation, could not be held liable to pay anything on account of such subscription until the whole amount of the capital stock had been subscribed, and this, upon the face of the bill, appears never to have been done. Any acts of directors and officers of the corporation, prior to such full subscription of the capital stock, except in procuring complete subscriptions and perfecting organization, were unauthorized by law, and unauthorized by the subscribers to its stock; hence no liability on account of such acts rests upon the stock subscribers, and no assessments upon such subscriptions could be made by the corporation itself, and, therefore, none can be made by the court. *Salem Mill Dam Co.* v. *Ropes,* 6 Pick. 23; *same* v. *same,* 9 id. 187; *Central Turnpike* v. *Valentine,* 10 id. 142; *Proprietors of Newburyport Bridge* v. *Story,* 6 id. 45; *Stoneham Branch Railroad Co.* v. *Gould,* 2 Gray, 277; *Old Town Railroad* v. *Vezie,* 39 Me. 571; *The Littleton Manf. Co.* v. *Parker,* 14 N. H. 543; *New Hampshire Central Railroad Co.* v. *Johnson,* 30 id. 390; *Contocook Valley Railroad Co.* v. *Barker,* 32 id. 363; *Lexington and W. C. Railroad Co.* v. *Chandler,* 13 Metc. 311; *Troy and Green. Railroad Co.* v. *Newton,* 8 Gray, 596; *W. & N. Railroad Co.* v. *Hinds,* 8 Cush. 110; *Somerset Railroad Co.* v. *Clark,* 61 Me. 379.

Mr. CHARLES H. WOOD, for the appellee Josiah L. Lombard.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Bill was filed on the equity side of the Superior Court of Cook county, by certain creditors of the Franklin Bank, against subscribers to the capital stock of the corporation, to collect and distribute among the creditors the unpaid subscriptions.

It is alleged, among other things, that the bank ceased to do business, it was declared a bankrupt, and an assignee in bankruptcy was appointed, by decree of the District Court of the United States for the Northern District of Illinois; that complainants' claims were duly proved in bankruptcy against the bank, but only 15 per cent of the amount due thereon has been paid; that the assets of the bank have been exhausted, and there is no possibility of a payment of their claims by the assignee in bankruptcy; that the assignee in bankruptcy never brought suit, either at law or in equity, against the subscribers to the capital stock of the corporation; and that the facts alleged in the bill did not come to the knowledge of the assignee in bankruptcy until after the expiration of two full years from the time of his appointment.

The Superior Court sustained a demurrer to the bill, and this ruling was sustained by the Appellate Court for the First District, on appeal to that court. The case comes here by appeal from the last named decision.

There is no claim that the object of the bill is to enforce penalties in favor of stockholders, imposed by the charter, and which could not form assets of the bank; and if such claim were made, on the authority of *Wincock et al.* v. *Turpin,* 96 Ill. 135, it could not be sustained, since, in that event, the suit would have to be at law, by the individual creditors, each for himself.

But the unpaid subscriptions sought to be collected were a part of the assets of the corporation, and hence they passed

by the decree in bankruptcy to Harvey, the assignee, and he alone was, thereafter, the party in whose name suit must have been brought for their collection. *Sanger* v. *Upton*, 1 Otto, (91 U. S.) 56; *Erwin* v. *United States*, 7 id. (97 U. S.) 392; *Glenny* v. *Langdon*, 8 id. (98 U. S.) 20.

Nor does the fact that the assignee has failed (for whatever cause it may have been) to bring the suit within two years from the date of his appointment, give creditors the right to bring such suits in their own names. *Trimble* v. *Wood-head*, 102 U. S. (12 Otto,) 647.

The demurrer was, therefore, properly sustained, and the decree of the Appellate Court is affirmed.

*Decree affirmed.*