## In re CRYSTAL SPRING BOTTLING CO.

(District Court, D. Vermont. October 13, 1899.)

1. **BANKRUPTCY—CORPORATIONS—CALL ON STOCKHOLDERS.**

When the assets of a bankrupt corporation are insufficient to pay its debts, the trustee, under direction of the court of bankruptcy, has authority to call upon the stockholders to make good the unpaid balance of their subscriptions to the capital stock of the corporation to an amount not exceeding the deficiency of the other assets as compared with the debts.

2. **SAME—STATUTORY LIABILITY OF DIRECTORS.**

Where directors of a corporation have incurred a statutory liability to creditors of the corporation by contracting debts in excess of the amount allowed by law, or by paying dividends when the company was insolvent, such liability is not assets of the corporation in bankruptcy, nor a fund to be resorted to by the trustee; and consequently its existence will not prevent the trustee from calling upon stockholders for the unpaid balance of their stock.

3. **SAME—JURISDICTION TO ENFORCE CALL.**

When the trustee of a bankrupt corporation calls upon stockholders to make good the unpaid balance on their subscriptions to its capital stock, compliance with the call is to be enforced by a suit in equity in the federal district court in which the estate of the bankrupt is being administered.

In Bankruptcy.

Henry C. Ide and Harry Blodgett, for trustee in bankruptcy.

Clarke C. Fitts, for stockholders of bankrupt corporation.

WHEELER, District Judge. The capital stock of this corporation, organized under the laws of the state, was $50,000, divided into 2,000 shares of $25 each, on which $10 per share, amounting to $20,000, was paid in, and the balance of $15 per share, amounting to $30,000, remains unpaid. The trustee in bankruptcy represents that, after realizing all he can from the assets, a deficiency remains of about $28,000 for the payment of the debts proved, and asks to call in the balance unpaid on the stock for that purpose. That the corporate stock subscriptions are a primary fund for the payment of the corporate debts is well settled, and not disputed, but a call is necessary before unpaid subscriptions can be collected. The corporation in bankruptcy cannot act by its officers in making a call, and it can be done only by the trustee under direction of the court. That this is the proper mode is well shown by Scovill v. Thayer, 105 U. S. 143, where this course was taken and approved. Of course, these unpaid subscriptions are available only for, and to the extent of, a deficiency of other assets of the corporation for the payment of its debts. Beyond that would be collecting these unpaid subscriptions for the stockholders which have not been called for in their behalf, and is not within the scope of these bankruptcy proceedings. The laws of the state provide that no debts of such a corporation shall be contracted in excess of two-thirds of the capital stock actually paid in, and that a director assenting thereto shall be personally liable for the excess; and that, if the directors declare and pay a dividend while the corporation is insolvent, or by which it became insolvent, knowing its condition, those assent-

ing thereto shall be liable in an action on the statute for debts due from the corporation at the time. V. S. §§ 3723, 3724.

Some of the directors of this corporation are alleged by shareholders who have appeared to have become liable for some of these debts by assenting to them in excess of two-thirds of the capital paid in, and for some of them by declaring and paying dividends during insolvency; and these liabilities are set up as securities which should be reckoned in reduction of the debts to which they are applicable, or as assets of the corporation available for its debts, to meet the deficiency of assets for payment of the debts. These debts are, however, none the less those of the corporation itself because the directors have become in some manner liable for them collaterally. The original liability is not substituted for nor changed; that created by the statute is annexed to it without removing it. Institution v. Sprague, 43 Vt. 502. The creditor is not obliged to exhaust that remedy; nor has the corporation, or the trustee of it in bankruptcy, any right to pursue it. It is not an asset of the corporation, but security for the creditors, who may follow it or not, at their pleasure, with all other securities, till they are paid in full. Merrill v. Bank, 173 U. S. 131, 19 Sup. Ct. 360.

Some defenses by particular stockholders are set up, but are not considered now. The present question is whether a call for the unpaid subscription should be made by the trustee, to be enforced, if not complied with, so far as it lawfully can be; and it appears now quite clearly that one for the amount of the subscription unpaid should be made, and so enforced.

Some suggestions have been made as to where suit should be brought on failure to comply with the call. According to Patterson v. Lynde, 106 U. S. 519, 1 Sup. Ct. 432, there should be one suit in equity for adjustment of the whole matter as to all within the jurisdiction. This is not such a suit as the bankrupt could have brought. Scovill v. Thayer, 105 U. S. 143. Therefore it is not within sections 23a and 23b of the bankrupt act, limiting actions by the trustee to where the bankrupt could sue. This leaves the jurisdiction of such a case as this, arising under the bankrupt law, in the United States courts where the bankrupt estate is being administered, the equities of the parties can all readily be made to appear, and the jurisdiction of such a case more properly belongs. Motion granted, and call for payment by November 1st ordered to be enforced by a suit in the United States courts.