(36 Misc. Rep. 391.)

COLUMBIA BANK v. BIRKETT.

(Supreme Court, Trial Term, New York County. March, 1901.)

BANKRUPTCY—DEFECTIVE SCHEDULE—DISCHARGE.

A voluntary bankrupt scheduled a note in the name of the payee, knowing at the time that it had been discounted by the bank. The bank received no notice of the proceeding in bankruptcy. *Held*, that after discharge of the bankrupt the bank could recover on the note, because the debt was not "duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt," as required by Bankr. Act 1898, § 17, subd. 3.

Action by the Columbia Bank against Clarence T. Birkett on a note discounted by plaintiff. The note, at the request of the makers before maturity, was extended till April 12th. On that day Russell & Birkett filed their petition in bankruptcy, and on April 15th were duly adjudged bankrupts. In their schedules the bankrupts stated their indebtedness on the note in suit, but scheduled the same as being held by the Manhattan Railway Advertising Company. The court found that the bankrupts knew that the plaintiff was owner of said note; that no notice of the pendency of the bankruptcy proceedings was at the time given to the plaintiff; that it had no knowledge of such proceeding until some time after the granting of a discharge to the bankrupts on September 12, 1899. Judgment for plaintiff.

I. S. Isaacs (Julius J. Frank, of counsel), for plaintiff.
Thomas Carmody (John Willett, of counsel), for defendant.

CLARKE, J. This is an action on a promissory note. Defense, a discharge in bankruptcy. Plaintiff seeks to avoid effect of discharge upon the ground that under the provisions of subdivision 3 of section 17 of the bankruptcy act of 1898, this debt was not discharged, because it was "not duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt." The debt was scheduled, but the name of the creditor was not. The name in the schedule was the original payee. The proof established the fact that the bankrupt knew plaintiff was holder of the note in question, and had applied for extension of time for payment of it. Plaintiff received no notice of the bankruptcy proceedings, and acquired no knowledge thereof until long after the discharge pleaded and proved. "The defendant had no right to altogether ignore the plaintiff and his demand, unless he intended, as the act proclaims, that the plaintiff should not be bound by the proceeding in which he was so ignored." Tyrrel v. Hammerstein, 33 Misc. Rep. 505, 67 N. Y. Supp. 717. Judgment directed for plaintiff for $750, with interest from April 5, 1899, costs, and extra allowance of 5 per cent.

Judgment for plaintiff, with interest, costs, and extra allowance of 5 per cent.