Argued 9 March, decided 21 March, 1904.

**HIBBARD** *v.* **HENDERSON.**

[75 Pac. 889.]

BANKRUPTCY—FRAUD IN OBTAINING DISCHARGE—RIGHTS OF CREDITORS.
Under Bankruptcy Act, July 1, 1898, c. 541, § 70, cl. "e," conferring on a trustee in bankruptcy the right to avoid any transfer by the bankrupt of his property which any creditor might have avoided, and to recover the property so transferred, or its value, a judgment creditor of the bankrupt, after his discharge, cannot levy on and sell the bankrupt's property because of fraud in securing the discharge.

From Multnomah: JOHN B. CLELAND, Judge.

This is a suit by Geo. L. Hibbard against Sarah J. Henderson and the sheriff of Multnomah County to enjoin the sale of real property on execution. It is alleged in the complaint that plaintiff, being indebted to the Union Banking Company, an insolvent corporation, in the sum of $662.57, its assignee, F. Hacheny, recovered judgment against him therefor; that thereafter, and in conformity with the provisions of an act of Congress of July 1, 1898, plaintiff filed in the United States District Court for the District of Ore-

gon his petition in bankruptcy, together with a schedule of his assets and liabilities, showing his indebtedness to such assignee, and, having been duly adjudged a bankrupt, a trustee was appointed, who took charge of and settled his estate, and on October 12, 1898, plaintiff was duly discharged in bankruptcy; that during the administration such assignee was notified of all the bankruptcy proceedings, but after such discharge he assigned the judgment to the defendant Sarah J. Henderson, who caused an execution to be issued thereon, in pursuance of which the defendant William Frazier, the then sheriff of Multnomah County, levied on and threatened to sell, thereby clouding the title to, certain lots and blocks in Hibbard's Addition to East Portland, a deed to which the plaintiff secured July 12, 1901. The answer denied the material allegations of the complaint, and, for a separate defense, averred that on July 24, 1894, plaintiff was the owner in fee and in possession of the real property in question, at which time, without any consideration therefor, and with intent to hinder, delay, and defraud his creditors, he executed a deed thereof to C. C. Hibbard, who took the title thereto with knowledge thereof; that the judgment secured by Hacheny was based on a promissory note executed prior to such conveyance; that during the pendency of the bankruptcy proceedings plaintiff was the true owner of the premises, and his pretended discharge was secured by falsely representing that he had surrendered to his creditors all his property that was not exempt from execution; that he did not give up the real estate described in the complaint, but concealed it so that the fraud was not discovered within two years from such discharge, and, with the exercise of due diligence, could not have been ascertained within that time; and that the United States district court was deceived and misled by such devices, and would not have granted the discharge, except for such

concealment. A demurrer to the separate answer on the ground that it did not state facts sufficient to constitute a defense having been sustained, a trial was had on the remaining issues, resulting in a decree enjoining the sale of the real property, and the defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. L. E. Latourette.*

For respondent there was a brief over the name of *Gammans & Malarkey*, with an oral argument by *Mr. Geo. G. Gammans.*

MR. CHIEF JUSTICE MOORE, after stating the facts in the foregoing terms, delivered the opinion of the court.

The question brought up for review is whether a judgment creditor of a bankrupt can, after the latter's discharge, levy on and sell his property because of the fraud practiced in securing such release. Congress is authorized to establish uniform laws on the subject of bankruptcies throughout the United States : Constitution United States, Art. I, § 8. And in exercising the power thus conferred, the federal courts have been clothed with exclusive jurisdiction of all proceedings in bankruptcy, as distinguished from independent actions at law or suits in equity : *Bardes* v. *Hawarden Bank*, 178 U. S. 524 (20 Sup. Ct. 1000). Section 17 of the act of Congress of July 1, 1898, c. 541, 30 Stat. U. S. 544, 550 (U. S. Comp. St. 1901, p. 3428), provides, in effect, that a discharge in bankruptcy shall release the bankrupt from all provable debt, except (1) taxes; (2) judgments in actions for fraud; (3) claims that have not been duly scheduled in time for proof and allowance ; or (4) debts created by fraud or defalcations while acting in a fiduciary capacity.* The debts so excepted may be recovered in an

_____

*1 Fed. Stat. Ann. p. 578.

action instituted for that purpose against the bankrupt after his discharge: 5 Cyc. 404. Thus, in *Columbia Bank* v. *Birkett*, 73 N. Y. Supp. 704 (36 Misc. Rep. 391), a voluntary bankrupt scheduled a note in the name of the payee, knowing at the time that it had been discounted; and, the bank to which the note was assigned having no notice or actual knowledge of the proceedings, it was held that the discharge afforded no immunity to the bankrupt, who was liable in an action instituted to recover on the note. To the same effect, see *Sutherland* v. *Lasher*, 84 N. Y. Supp. 56 (41 Misc. Rep. 249); *Santa Rosa Bank* v. *White*, 139 Cal. 703 (73 Pac. 577). In *Schreck* v. *Hanlon*, (Neb.) 92 N. W. 625, it was held that the trustee in bankruptcy might maintain a suit to set aside a conveyance made by the bankrupt at any time within two years after the estate was closed, provided the suit was not barred by the laws of the State at the time the petition in bankruptcy was filed, the court saying: "As the trustee alone could maintain an action to reach property fraudulently conveyed by the bankrupt, we are clearly of the opinion that the statute of limitation was not a defense available to the defendants, as by section 11 of the bankrupt act (U. S. Comp. St. 1901, p. 3426*) the trustee has two years in which to commence the action." See, also, *Sheldon* v. *Parker*, (Neb.) 92 N. W. 923. In *Barnes Mfg. Co.* v. *Norden*, 67 N. J. Law, 493 (51 Atl. 454), it was held that, after a debtor had secured a discharge in bankruptcy, his creditor could not use a judgment not exempt from the operation of a discharge in bankruptcy under section 17 of the United States bankrupt act of July 1, 1898, to set aside as fraudulent a conveyance made by the debtor of his property, the court saying: "The company further insists that, because of its bill in equity, and the allegations there made,

---

*1 Fed. Stat. Ann. pp. 563, 565, § 11, d.

44 OR.——21

it has obtained a right outside of the bankrupt act, which should be enforced for its benefit, and cannot be enforced except by itself. But section 70, cl. ' e,' 30 Stat. 566* (U. S. Comp. St. 1901, p. 3452), of the bankrupt act, answers this contention by providing that the trustee in bankruptcy may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, etc. This provision is inconsistent with the continuance in the creditor of the right to avoid the transfer and avail himself of the property, and prevents his exercise of the right by transferring it to the trustee." In *Falco* v. *Kaupisch Creamery Co.* 42 Or. 422 (70 Pac. 286), it was held that the trustee in bankruptcy, under the act of Congress of July 1, 1898, was the only person who could sue to recover unpaid stock subscriptions from the stockholders of an Oregon corporation. In *Bilafsky* v. *Abraham*, 183 Mass. 401 (67 N. E. 318), it was held by the Supreme Court of Massachusetts that, after the expiration of two years from the settlement of a bankrupt's estate, the administration might be reopened on petition showing that certain solvent claims had not been collected by the trustee, who was authorized to maintain an action in the state court to recover such claims, which were not barred by section 11 of the bankruptcy act of July 1, 1898, providing that suits shall not be brought by or against a bankrupt's trustee subsequent to two years after the estate has been closed. This latter case is cited to show that, notwithstanding more than two years have elapsed since plaintiff secured his discharge in bankruptcy, if the release from his indebtedness was procured by the practice of fraud, which usually vitiates all proceedings, it would appear that the assignee of the judgment is not wholly

*1 Fed. Stat. Ann. p. 702.

remediless, but that, by moving in the district court of the district of Oregon to reopen the administration of the bankrupt's estate, a trustee could be appointed, who would be authorized to maintain a suit to determine the *bona fides* of plaintiff's conveyance of the lots and blocks in question to C. C. Hibbard. Whether the federal court would follow the rule so announced in Massachusetts it is not necessary to inquire, but, believing, as we do, that the defendants cannot interpose the defense relied on, no error was committed in sustaining the demurrer, or in rendering the decree complained of, which is affirmed.

AFFIRMED.

---

Decided 28 December, 1903; rehearing denied 1 March, 1904.