[No. 5170. Decided March 4, 1905.]

## DELTA COUNTY BANK, *Appellant*, v. ANNA F. McGRANAHAN *et al.*, *Respondents*.[1]

DURESS—BILLS AND NOTES—HUSBAND AND WIFE—NOTE OF WIFE TO AVOID CRIMINAL PROSECUTION OF HUSBAND. Duress is a valid defense to a promissory note which was made by a married woman in payment of her husband's debts to avoid a threatened criminal prosecution against her husband.

BANKRUPTCY—JUDGMENTS—DISCHARGE—DEBTS NOT SCHEDULED—ACTUAL NOTICE OF CREDITOR. A discharge in bankruptcy is a good defense to an action upon promissory notes, although the notes were not scheduled in the list of obligations, where the creditor had actual notice of the proceedings in time to have presented its claim, and failed to do so.

SAME—COLLATERAL ATTACK—MONEY MISAPPROPRIATED. The order of discharge in bankruptcy is conclusive on collateral attack as to all provable debts not specially excepted, including notes given for money misappropriated while acting in a fiduciary capacity.

Appeal from a judgment of the superior court for Kittitas county, Rudkin, J., entered November 12, 1903, upon findings in favor of the defendants, after a trial before a court without a jury, dismissing on the merits an action upon promissory notes. Affirmed.

*Eugene E. Wager*, for appellant. The separate debt of the husband is a sufficient consideration for the wife's execution of the notes. 1 Daniel, Negotiable Inst., § 185; *Popple v. Day*, 123 Mass. 520. A note executed under duress must be disaffirmed within a reasonable time. 10 Am. & Eng. Ency. Law, p. 337; *Eberstein v. Willets*, 134 Ill. 101, 24 N. E. 967; *Davis v. Fox*, 59 Mo. 125; *Gregor v. Hyde*, 62 Fed. 107. Duress alone does not entitle a party to relief unless the contract is essentially unjust.

1Reported in 79 Pac. 796.

*Adams v. Schiffer,* 11 Colo. 15, 17 Pac. 21, 7 Am. St. 202; *White v. Heylman,* 34 Pa. St. 142; *Crawford v. Cato,* 22 Ga. 594; *Vyne v. Glenn,* 41 Mich. 112, 1 N. W. 997; *Scholey v. Mumford,* 60 N. Y. 498; 4 Am. & Eng. Ency. Law (2d ed.), p. 343. Threats of criminal prosecution do not constitute duress. *Harmon v. Harmon,* 61 Me. 227, 14 Am. Rep. 556; *Youngs v. Simm,* 41 Ill. App. 28; *Rendleman v. Rendleman,* 156 Ill. 568, 41 N. E. 223; *Phillips v. Henry,* 160 Pa. St. 24, 28 Atl. 477, 40 Am. St. 706. A discharge in bankruptcy does not release from obligations for money misappropriated while acting in a fiduciary capacity. *Warren v. Robinson,* 21 Utah 429, 61 Pac. 28, 75 Am. St. 734; 5 Cyc. p. 4. Nor from provable debts not scheduled. See Bankruptcy Act (1898), Ch. 3, 17a; *Fider v. Mannheim,* 78 Minn. 309, 81 N. W. 2, 6 Am. Bank. Rep. 430.

*Hovey & Hale,* for respondents.

Fullerton, J.—In this action the appellant sought to recover from the respondents the sum of $1,417, alleged to be due upon two promissory notes, executed by the respondents to the appellant at Delta, Colorado, on January 4, 1898. To the complaint, which was in the usual form, the respondents answered, averring that the notes were executed without consideration, and that the respondent Anna F. McGranahan had signed the same under duress; such duress consisting of threats to institute a criminal prosecution against her husband, made by the officers of the appellant, if certain property owned by her was not delivered to the appellant, and the notes in suit executed. The respondent T. H. McGranahan defended on the ground that he had been discharged in bankruptcy, from all debts and claims which are made provable by the bankruptcy act of the United States, and that the debts represented by the notes in the suit were such provable debts. Issue was taken

on the answers, and a trial had before the court without a jury, resulting in a judgment for the respondents.

That Mrs. McGranahan executed the notes in suit, and turned over to the appellant certain of her individual property, in payment of her husband's debts to avoid a criminal prosecution against her husband, is testified to, not only by herself and husband, but by the officers of the appellant also. The officers say that Mr. McGranahan, as president of the appellant bank, loaned himself large sums of money, which he was unable to repay; that the creditors of the bank believed the property claimed by Mrs. McGranahan was procured by some of this money so borrowed, and they insisted that the property be turned over to the bank, else McGranahan be prosecuted for having violated the criminal statutes of Colorado; that they communicated this fact to the respondents, and that the property was turned over accordingly; the notes being given in lieu of a mortgage the respondents had placed on the property. This, we think, taken with the testimony of the respondents, justifies the finding of duress made by the trial court, and warrants the judgment relieving Mrs. Mc-Granahan from liability on the notes. *Thompson v. Niggley,* 53 Kan. 664, 35 Pac. 290, 26 L. R. A. 803.

It is contended that the discharge in bankruptcy did not release T. H. McGranahan from the obligation of these notes, because, it is claimed, the notes were not scheduled in his list of obligations filed in the bankruptcy proceedings, and because the notes were given for money misappropriated by him while acting in a fiduciary capacity. We think, however, that neither of these objections are well taken. The bankruptcy act does not except, from the order of discharge, all claims not duly scheduled; it excepts such unscheduled claims only where the creditor has no notice or actual knowledge of the bankruptcy proceed-

ings.    As the appellant was listed as a creditor of the bankrupt and due notice of the bankruptcy proceedings was sent it in time for it to present all of its claims, it had notice and actual knowledge of the proceedings, and the rule contended for is not applicable.

The second objection is one that might have been urged in the bankruptcy proceedings to prevent an order of discharge against this particular debt, but it cannot be urged to except from the operation of the order claims that were plainly included within it.    In other words, the order of the bankruptcy court discharging a bankrupt from his provable debts is conclusive, on collateral attack, as to all provable debts of the bankrupt not specially excepted.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.