Rossie *v.* Julius Levy & Sons Co.*

(Division A.   Jan. 10, 1927.)

[110 So. 864.   No. 26096.]

1. ACCOUNT, ACTION ON. *Inclusion of plaintiff's account in defendant's list of creditors, in bankruptcy proceeding, held insufficient to prove correctness of items (Hemingway's Code, section 1638, Bankruptcy Act, section 7 [U. S. Comp. St., section 9591]).*

   Where items of accounts sworn to in accordance with Code 1906, section 1978 (Hemingway's Code, section 1638), were disputed, secondary evidence of defendant's inclusion of plaintiff's account in list of creditors, in bankruptcy proceeding, as required by Bankruptcy Act, section 7 (U. S. Comp. St., section 9591), *held* insufficient to prove correctness of items.

2. ACCOUNTS, ACTION ON. *Plaintiff, met by sworn denial, had burden of proving correctness of items of account (Hemingway's Code, section 1638).*

   Plaintiff had burden of proving correctness of items of account, though sworn to in accordance with Code 1906, section 1978

(Hemingway's Code, section 1638), where account was denied under oath.

*Corpus Juris-Cyc. References: Accounts and Accounting, 1CJ, p. 661, n. 95; p. 663, n. 24.

Appeal from circuit court of Second district, Coahoma county.

Hon. W. A. Alcorn, Jr., Judge.

Action by the Julius Levy & Sons Company against N. Rossie. Judgment for plaintiff in the justice court was affirmed in the district court, and defendant appeals. Reversed and judgment rendered.

*Maynard, FitzGerald & Venable* and *R. P. Mitchell,* for appellant.

*Gee & Talbot,* for appellee.

Smith, C. J., delivered the opinion of the court.

On the 4th day of August, 1925, the appellees recovered a judgment against the appellant on an open account in the court of a justice of the peace, and the appellant appealed therefrom to the court below.

The account sued on was sworn to in accordance with section 1978, Code of 1906 (section 1638, Hemingway's Code). The appellant denied the correctness of the account by an affidavit challenging each item thereof. On the trial in the court below the appellees introduced this sworn account, and evidence that its correctness had been admitted by a person who the witness thought was either the appellant or a person in his employ. But the evidence was insufficient to establish either that the person who made this admission was the appellant or his agent with authority so to do.

One of the appellant's attorneys was introduced as a witness in his behalf, and, on cross-examination, was asked this question: "Q. You listed this Julius Levy

claim in your list of bankrupt schedules as being owing and correct at this time?'' To which he answered: A. I listed it, yes, sir, from a general statement without seeing the items.''

It appears, from a motion filed in the case by the appellant, that since the rendition of the judgment herein by the justice of the peace he had been adjudicated a bankrupt. This motion was not introduced in evidence and the pendency of this bankruptcy proceeding was not attempted to be proven, but was assumed in the question asked the appellant's attorney.

Section 7 of the Bankruptcy Act (U. S. Comp. St., section 9591) requires a person by or against whom a bankruptcy proceeding is begun to file in the bankruptcy court a list of his creditors, showing the amounts due each of them.

This secondary evidence of the inclusion by the appellant of the appellee's account against him in the list of his creditors was not objected to, and we will give it the same force and effect as if the list of creditors filed by the appellant in the bankruptcy court, or a competent copy thereof, had been introduced. Had this list been introduced, the items of the account sued on would not have appeared therefrom, but only a statement of the amount which the appellant admitted that he owed the appellees, and for aught that would have appeared to the contrary none of the items of the account here sued on may have been included therein. The correctness of the items of the account sued on, the burden of proving which was on the appellees, was therefore not proven, and the peremptory instruction requested by the appellant should have been given.

Reversed, and judgment here for the appellant.

*Reversed.*