## No. 11,540.

Donahue *v.* Kohler-McLister Paint Co., et al.

Decided April. 4, 1927.

Action to restrain sale of real property under execution. Judgment for defendants.

### *Affirmed.*

1. **Bankruptcy—***Judgment Lien.* Where there is no trustee, an adjudication of bankruptcy does not dissolve a judgment lien against the bankrupt's property.

2. *Execution Levy.* A lien on real property created by execution levy is not destroyed by defendant's discharge in bankruptcy, although the judgment was released by such discharge.

3. **Real Property—***Title—Judgment Lien.* As between a purchaser of real property and a judgment creditor who has acquired a lien thereon by recording a transcript of judgment, the transcript being filed before the deed—of which the creditor had no notice—the rights of the creditor are held prior and superior to those of the purchaser.

*Error to the District Court of the City and County of Denver, Hon. J. C. Starkweather, Judge.*

Mr. Edward N. Burdick, Mr. Clarence O. Moore, for plaintiff in error.

Mr. Everett Owens, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Suit by Marie Donahue against The Kohler-McLister Paint Company and others to restrain the sale of real property under execution. Judgment for the defendants. Plaintiff brings the case here for review.

March 10, 1919, one Friend, then the owner of the property in question, executed and delivered a deed conveying the property to Mason and Hendricks. March 29 The Kohler-McLister Paint Company obtained a judgment against Friend, a transcript of which was filed for record April 9. May 10, two months after the delivery of the Friend deed to Mason and Hendricks, the grantees filed their deed for record. June 16 Friend filed a petition in bankruptcy. He was adjudged a bankrupt. The claim of the Paint Company was listed as a debt. September 30, Friend was discharged as a bankrupt. No trustee in bankruptcy was ever appointed. June 16, 1920, Mason and Hendricks deeded the property to Marie Donahue. February 25, 1924, the Paint Company caused execution to be levied upon the property, and thereupon the plaintiff brought this suit.

Plaintiff contends that the adjudication of bankruptcy dissolved the judgment lien. But as there never was a trustee in bankruptcy, this point has recently been decided adversely to plaintiff's contention. *Smith v. First National Bank of Sterling,* 76 Colo. 34, 227 Pac. 826. The same case disposes of another point raised by plaintiff. We there held that a lien created by execution levy is not destroyed by defendant's discharge in bankruptcy, although the judgment was released by such discharge.

The present suit was not brought by a trustee in bankruptcy to obtain the property for distribution among the creditors of the bankrupt. Nor is it a suit brought to protect any right the bankrupt may claim. He had conveyed his interest in the property over three months before filing his petition in bankruptcy, and presumably had been paid therefor.

The controversy is between a purchaser and a judgment creditor who claims a lien by reason of the recording of a transcript of its judgment. Prior to the time the transcript was filed for record the judgment debtor, as above stated, conveyed the property by a deed, which,

however, was not filed for record until after the filing of the transcript.

The recording act (C. L. section 4902) provides: "All deeds * * * of * * * real estate * * * may be recorded in the office of the recorder * * *, and from and after the filing thereof for record * * *, and not before, such deeds * * * shall take effect as to subsequent bona fide purchasers and incumbrancers by mortgage, judgment or otherwise not having notice thereof."

At the time of filing the transcript of its judgment, the Kohler-McLister Company had no knowledge or notice of the unrecorded deed; hence its rights are prior and superior to those of the plaintiff.

The judgment is affirmed.