Submitted on briefs April 16, affirmed June 26, 1928.

FIRST NATIONAL BANK OF COTTAGE GROVE *v.* HAZEL PENNINGTON.

(268 Pac. 766.)

12 

.

For appellant there was a brief over the name of *Mr. W. E. Phipps.*

For respondent there was a brief over the names of *Mr. O. C. Boggs* and *Mr. J. F. Fliegel.*

BEAN, J.—Plaintiff asserts that in the bankruptcy proceedings all the creditors' claims were scheduled, but the bankrupt scheduled no assets of

value and there was no trustee appointed in the proceeding. That the interest of defendant in the property of the estate of Mary B. Orr, deceased, attached by plaintiff in the present action, was not scheduled in the bankruptcy proceedings, but was deliberately concealed, being Oregon property, from the bankruptcy court, and that the discharge was obtained by fraudulent concealment and false statement, without having paid any dividend to any of her creditors, and that the bankruptcy adjudication was nugatory.

The inquiry is, What is the effect of the judgment of bankruptcy in the proceedings shown by the record?

It is stated in 7 C. J., page 27, Section 24, as follows:

"The bankruptcy act grants powers to the courts of bankruptcy only 'within their respective territorial limits as now established, or as they may be hereafter changed,' and accordingly such courts have no jurisdiction outside of their respective territorial limits. There are, however, no such things in bankruptcy proceedings as courts of primary and ancillary jurisdiction, but the court in which the petition for an adjudication of bankruptcy is properly filed and which makes the adjudication has plenary jurisdiction in bankruptcy throughout the United States."

■ The jurisdiction of the Bankruptcy Act is national. The trustee takes the title to all of the bankrupt's property in this country wherever situated, even though it be in a state other than that in which the bankruptcy proceedings are pending: 1 Loveland on Bankruptcy, p. 767, § 373.

■ The question for determination is whether the claim of plaintiffs asserted in their complaint is

barred by the bankruptcy adjudication of the defendant. A discharge in bankruptcy releases a bankrupt from all of his provable debts with certain exceptions not material to this case. The inquiry of the court, to which is presented a question of whether a debt is barred or not, should be, first, Is the debt one which was provable in bankruptcy? In the present case this question must be answered in the affirmative. The second question is, Is such debt included in the exceptions specified in Section 17 of the Bankruptcy Act, which we have already answered in the negative? If the debt was provable and not included in the exceptions, it is released by a discharge. It is not necessary that the creditor, in this instance the bank, actually proved its claim in the proceedings: 2 Loveland on Bankruptcy, p. 1350, § 754.

It is stated in 7 C. J., page 399, Section 709, as follows:

"A claim which is provable and duly scheduled is released regardless of whether or not the creditor proved it in the bankruptcy proceedings."

■■■ A discharge in bankruptcy is valid although the petition was filed to avoid a particular debt. The order of discharge cannot be questioned or attacked collaterally in any other court, either state or federal, except for want of jurisdiction, even on the ground of fraud in obtaining it, or for wilful concealment of assets.

■ In 8 Remington on Bankruptcy, Section 3461, we read, "the discharge is sufficiently proved by production of the certificate of discharge under the seal of the United States court." See, also, § 3463, same volume.

■ A certified copy of an order granting or setting aside a discharge not revoked is evidence of the jurisdiction of the court, the regularity of the proceedings, and of the fact that the order was made: Bankruptcy Act of 1898, § 21 (f).

In the present case it appears that the plaintiff was notified of the bankruptcy proceedings. They did not file or prove their claim for the reason that they were advised that no dividend would be paid. It is urged by plaintiff that the bankrupt was not divested of her title in the attached property and would not be until the appointment and qualification of a trustee. Citing Collier on Bankruptcy, p. 993, § 993c; that as no trustee was appointed in the bankruptcy proceeding of defendant the property in question vests in the defendant.

■ It is unnecessary to consider this matter at length, as in any event it would not be of advantage to the plaintiff, as plaintiff's claim is barred. The plaintiff did not claim a lien upon the attached property until the attachment proceedings were had, which was after the adjudication of bankruptcy: *The Delta County Bank* v. *McGranahan,* 37 Wash. 307 (79 Pac. 796). See, also, *Parker* v. *Atwood,* 52 N. H. 181; *Charles S. Smith* v. *Dan M. Hill,* 232 Mass. 188 (122 N. E. 310, 2 A. L. R. 1667).

■■ Where a United States Court has discharged a bankrupt, an action to set aside the discharge must be brought in the court that granted it, unless the discharge is an absolute nullity: *Andrus* v. *Cornwell,* 134 La. 403 (64 Pac. 221).

In *Hibbard* v. *Henderson,* 44 Or. 318 (75 Pac. 889), the syllabus reads:

"Under bankruptcy act, July 1, 1889, Chapter 541, Section 70, Cl. E. conferring on a trustee in

bankruptcy the right to avoid any transfer by the bankrupt of his property which any creditor might have avoided and to recover the property so transferred, or its value, a judgment creditor of the bankrupt, after his discharge cannot levy on and sell the bankrupt's property because of fraud in securing the discharge.''

To the same effect, see *Moore Mfg. Co.* v. *Billings,* 46 Or. 401, 405 (80 Pac. 422).

In the cases cited by plaintiff, *Smith* v. *First National Bank of Sterling,* 76 Colo. 34 (227 Pac. 826), and *Donahue* v. *Kohler-McLister Paint Co.,* 81 Colo. 244 (254 Pac. 989), the lien involved therein attached prior to the petition in bankruptcy and the proper proceedings were not taken to obtain a release of the lien. The cases are not in point in the case at bar. We are cited cases involving insolvency proceedings under state statutes which are of but little, if any, assistance in the present case. See *Deny* v. *Bennet,* 128 U. S. 489, 498 (32 L. Ed. 494, 9 Sup. Ct. Rep. 134, 137, see, also, Rose's U. S. Notes), where Judge MILLER records the following language:

''Anyone who will take the trouble to examine all these cases will perceive that the objection to the extra territorial operation of a state insolvent law is, that it cannot, like the Bankrupt Law passed by Congress under its constitutional grant of power, release all debtors from the obligation of the debt.''

However much we might condemn the action of defendant in the bankruptcy proceedings, we are compelled to affirm the judgment of the Circuit Court. It is so ordered. AFFIRMED.