TATE, Judge.
Defendants appeal from judgment holding them liable in solido in the amount of $550.
On December 4, 1950 a written contract-was entered into between plaintiff company and Claude D. Brumfield (not a party to this suit), under which the former was to advance merchandise at wholesale prices to the latter for resale at retail prices. Defendants bound themselves therein in solido as sureties to guarantee the payment by the principal of sums (up to a certain limit) due by him under said contract. It is alleged that under the terms of the contract merchandise was delivered to the dis-tfibutor in the total amount of $2,066.31, upon which payment was received only of $1,489.24, leaving a balance due of $577.07.
 Although defendant sureties testified -that their agreement with plaintiff company, as explained by the plaintiff’s agent^ 'was to guarantee only payment of the 'first' $1,000 of purchases, the surety agreement signed' by them clearly provides only that their liability shall not exceed thesum of $1,000 under the agreement; It does not limit liability to the first thousand dollars’ worth of merchandise purchased by the principal under his distributorship.
Although the principal to the contract, Claude Brumfield, was discharged from the debt in bankruptcy, the Bankruptcy Act itself provides: “The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt”, 11 UjS.C.A. § 34. See also 6 Am.Jur. 1000, Verbo “Bankruptcy”, § 772.
The only substantial' question raised by this appeal is whether the plaintiff proved by competent evidence the alleged balance of the indebtedness due by Claude Brum-field, for which the defendants herein are liable as sureties.
The defendants themselves testified that any balance due on the contract did not exceed eighty cents. Claude Brumfield, the distributor and principal of the contract, did not remember what, if any, balance was due. Plaintiff’s field supervisor, A. K. Soileau, was called to verify the balance due under the contract; but with commendable frankness admitted to no personal knowledge whether the account as stated was correct and that his duties did not pertain to maintaining plaintiff’s books or records of purchases and payments. The District Court correctly held that this testimony was insufficient to prove the account.
However, we believe our learned brother -below erred in admitting into evidence over defendant’s objection and accepting as competent proof of the balance due, the schedule of debts filed in his bankruptcy proceedings by Claude Brumfield, who is not a party to this action. This schedule listed plaintiff as a creditor in the amount of $550.
“The filing of schedules by a bankrupt is an ex parte proceeding and binding on the bankrupt as an admission, but it is not res judicata, either as to creditors or the bankrupt, and the listing by the bankrupt of debts or property in the schedules *265 is not binding on one not a party to the proceeding.”- 8 C.J.S., Bankruptcy, § 39, p. 463. See also 6 Am.Jur. 780, Verbo “Bankruptcy”, § 389.
Even a bankrupt himself was held not to have judicially admitted the validity of, or estopped himself to contest, two judgments listed on his schedule of debts in bankruptcy, King v. Pickett, 32 La.Ann 1006, wherein it was stated as to such listing, 32 La.Ann. 1007: “We regard this as merely descriptive of the claim against him. When a bankrupt knows of the existence of a claim against him, though he may believe it to be unfounded, prudence requires him to place it on his schedule to secure his discharge therefrom, and to give the claimant an opportunity of asserting whatever rights he may have against the estate.”
 Further, as the chief purpose of the schedule of creditors and liabilities is to list the creditors entitled to notice of the proceedings, and somewhat to limit the discharge only as to those creditors with notice, “Accuracy is not so important in stating the amount of the delbt, its consideration, or when and where contracted,” Collier on Bankruptcy (12th Edition) 261; see 8 C.J.S., Bankruptcy, § 39, Subdivision Purpose, p. 463.[1] The amount of a claim is determined not by its listing on the schedule prepared by the bankrupt debt- or, but by the proof of claim submitted by the creditor, 8 C.J.S., Bankruptcy, § 425, p. 1285. Such schedules therefore often reflect general rather than exact balances allegedly due, see above citations; cf. In re Stansbury, D.C.W.D.La., 97 F.Supp. 250; and especially third parties not involved in their preparation are not bound thereby.
The acts of a partner in listing certain obligations as partnership debts in a partnership bankruptcy proceeding were held not to bind another partner from denying in another proceeding that such debts were those of the partnership, and then proving such denial, when this latter partner took no part in preparing such schedules, Horner v. Hamner, 4 Cir., 249 F. 134, L.R.A. 1918E, 465. The listing of an obligation as due by the bankrupt on a schedule of debts by an “ex parte statement, without right of cross-examination, is not binding on the trustee or the other creditors”, In re Haynsworth, D.C., 34 F.2d 334, at page 337, affirmed on appeal as to this point, Jones v. Kendall, 4 Cir., 34 F.2d 344, at page 347.
Although the bankrupt’s 'debts as listed by him on his schedule of debts may be competent evidence against the bankrupt himself, or his trustee who stands in his shoes, for certain purposes, In re Weissman, 2 Cir., 19 F.2d 769, 53 A.L.R. 644, even as to the bankrupt himself it is not necessarily competent to prove correctness of items of an account listed for which recovery is sought in a subsequent action, Rossie v. Julius Levy & Sons Co., 145 Miss. 426, 110 So. 864.
We therefore do not believe that the bankruptcy schedule of debts prepared by Claude Brumfield was competent evidence to prove the outstanding balance due by Claude Brumfield in another and different proceeding against others than Qaude Brumfield.
Thus, we do not believe plaintiff has proved by competent evidence the amount of the balance due to it by Claude Brumfield, for which defendants herein are liable as sureties. However, we agree with the District Court’s determination that plaintiff has proved defendant’s liability for any valid balance outstanding against Brumfield.
*266 Plaintiff sought unsuccessfully to verify the correctness of the stated account sued upon by testimony of A. K. Soileau. Admissibility of the substitute proof, the bankrupt’s schedule of debts, has been rejected on appeal. However, in reliance upon its erroneous admission below, plaintiff did not produce other and competent evidence of the balance of the debt, by continuance or otherwise. Under these circumstances, we think it appropriate to remand the case for the restricted purpose of permitting introduction of competent evidence as to the balance of the account due, if any, Art. 906, Code of Practice; Lavergne v. Indemnity Insurance Co., La.App. 1 Cir., 84 So.2d 617; Williams v. Fisher, La.App. 1 Cir., 79 So.2d 127.
For the foregoing reasons, it is therefore ordered that the judgment of District Court herein be set aside, and the cause remanded for the restricted purpose of receiving evidence as to the balance of the account due by Claude Brumfield, and for- further proceedings according to law. Costs of this appeal to be paid by plaintiff-appellee; all other costs to await final determination of these proceedings.
Affirmed in part; set aside in part and remanded for restricted purposes.

. See 11 U.S.C.A. § 25, Annotations, note 24: “But as the chief purpose of the statute is that the creditors shall receive notice of the proceedings, the strict accuracy which is required in the statement of the names and addresses is relaxed in the description of the debt, though it has been held that the amount and consideration must be stated correctly. Steele v. Thalheimer (1005) 74 Ark. 516, 86 S.W. 305; Armstrong v. Sweeney (1905), 73 Neb. 775, 103 N.W. 436; Matter of David (1904), 44 Misc. 516, 90 N.Y.S. 85; Bernheim v. Bloch (1904), 45 Misc. 581, 91 N.Y.S. 40; Delta County Bank v. McGranahan (1905) 37 Wash. 307, 79 P. 796.”