ELLIS, Judge.
This is a suit by J. R. Watkins Company against J. C. Brumfield and W. D. Mizell, who bound themselves in solido insurers to guarantee the payment of any indebtedness up to $1,000 that might remain due under a written contract between J. R. Watkins Company and Claude D. Brumfield, the principal. This case was before this case previously on an appeal by the defendant from a judgment against them in the sum of $550 which judgment was based upon an offering of bankruptcy proceedings filed by Claude D. Brumfield, the principal, in which he listed the J. R. Watkins Company as a debtor in the amount of $550. This Court held, after citing many authorities:
“We therefore do not believe that the bankruptcy schedule of debts prepared by Claude Brumfield was competent evidence to prove the outstanding balance due by Claude Brumfield in another and different proceeding against others than Claude Brumfield.
“Thus, we do not believe plaintiff has proved by competent evidence the amount of the balance due to it by Claude Brum-field, for which defendants herein are liable as surety. However, we agree with the District Court’s determination that plaintiff has proved defendant’s liability for any valid balance outstanding against Brum-field.
“Defendant sought unsuccessfully to verify the correctness of the stated account sued upon by testimony of A. K. Soileau. Admissibility of the substitute proof, the bankrupt’s schedule of debts, has been rejected on appeal. However, in reliance upon its erroneous admission below, plaintiff did not produce other and competent evidence of the balance of the debt, by continuance or otherwise. Under these circumstances, we think it appropriate to remand the case for the restricted purpose of permitting introduction of competent evidence as to the balance of the account due, if any, Art. 906, Code of Practice; Lavergne v. Indemnity Insurance Co., La.App. 1 Cir., 84 So.2d 617; Williams v. Fisher, La.App., 1 Cir., 79 So.2d 127.”
Hence, we remanded the case to the District Court “for the restricted purpose of receiving evidence as to the balance of the account due by Claude Brumfield, and for further proceedings according to law.” J. R. Watkins Company v. Brumfield, La. App., 86 So.2d 263, 265.
In accordance with the judgment of this court counsel for the plaintiff prepared exhaustive, complete, and detailed interrogatories concerning the transaction which were propounded to Donald W. Mattson, who was the comptroller and in charge of the general books of account of the plaintiff company and which the latter answered in a complete, exhaustive and detailed manner, and these depositions on the re-trial were offered in evidence. They prove beyond the shadow of a doubt that the balance due plaintiffs by the defendant under their sure-tyship agreement was $577.07. A detailed discussion of the interrogatories and answers would be useless and a waste of time.
On the retrial counsel for defendants, again offered Mr. J. C. Brumfield as a witness and he testified as on the original trial that he was present when the remainder of the goods which Claude Brumfield had purchased from the plaintiff company were checked and transferred to the new dealer, Mr. Bond, and it was his understanding at that time that the goods were valued at $999.20, leaving the sureties indebted only to O.8O5Í. As shown on the original trial the sureties thought that they were not liable *473 for any goods bought in excess of the value of $1,000 and that as Brumfield turned over $999.20 worth of goods to the new dealer when final settlement was made, that their responsibility ended with the payment of ■only 80$i. This same proposition was thoroughly discussed by the lower court in the original opinion and by this court on the first appeal of this case, and, of course, rejected.
The lower court after the second trial correctly rendered judgment in favor of the plaintiff company, but in the amount of $550 rather than $577.07 as prayed for by the plaintiff company and as shown to be the correct balance by the deposition of Mattson, introduced as evidence on the second trial of the case. No appeal or answer to the appeal was taken or filed and for this reason the judgment cannot be altered.
For the above and foregoing reasons the judgment of the District Court is hereby -affirmed.