### CORSCADDEN v. HASWELL et al.

(Supreme Court, Special Term, Albany County. March 21, 1903.)

.1. CONSTITUTIONAL LAW—LOCAL BILL—TITLE—SUBJECT NOT EXPRESSED.

　　Laws 1902, p. 387, c. 127, entitled "An act to amend chapter 261 of the Laws of 1885 entitled 'An act in relation to the management of the Albany Penitentiary,' relative to the salary of the keeper of said penitentiary," providing that the salary, originally fixed at $3,000 per year, ·shall be fixed by the commission, and also providing that the commissioners may dispense with the services of the superintendent or prin- ·cipal keeper and place the penitentiary in the custody and control of the :sheriff, is a local act, and, in so far as it authorizes the discharge of the superintendent, embraces a subject not expressed in the title, and hence such provision is void under Const. art. 3, § 16, declaring that "no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

Action by John E. Corscadden against Isaac M. Haswell and oth- ·ers, composing the Albany penitentiary commission, and another, to enjoin the defendants from removing plaintiff from his office of super- intendent of the Albany County Penitentiary. Motion to continue ·temporary injunction pending the trial of the action. Motion granted.

Countryman & Du Bois, for plaintiff.

J. S. Frost (J. Newton Fiero, of counsel), for defendants.

BETTS, J. The plaintiff brings this action against the defendants, ·claiming that on or about September 29, 1900, he was duly appointed .superintendent or principal keeper of the Albany County Penitentiary for the term of five years from November 30, 1900, at an annual sal- .ary of $3,000, and board and house rent for himself and family, by .the then commissioners of the Albany penitentiary commission; that he qualified and entered upon the discharge of his duties December 1, 1900, and has ever since been and now is the principal keeper of ·the said penitentiary, and on or about January 31, 1903, the present penitentiary commission notified him that on March 1st it had decided to place the penitentiary in the hands of the sheriff of the county of Albany, under the act of the Legislature of the year 1902. The .plaintiff claims that said act, being chapter 127, p. 387, Laws 1902,

is unconstitutional and void for many reasons, and that he cannot be legally removed from the position he now holds by virtue of its provisions. Many reasons are assigned by the plaintiff why he cannot be removed under this statute, in addition to the fact claimed that it violates many provisions of both the state and federal Constitutions. The matter now comes before me on the application of the plaintiff for the continuance of the temporary injunction pending the trial of the action.

Without expressing any opinion upon the other contentions raised by the plaintiff, I shall very briefly refer to the claimed violation of section 16 of article 3 of the state Constitution, which section is as follows: "Private and local bills not to embrace more than one subject. Section 16. No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

In 1885, chapter 261, p. 456, of the Laws of that year, entitled "An act in relation to the management of the Albany Penitentiary," was passed. It created the penitentiary commission, and by section 4 thereof provided for the appointment of the superintendent or principal keeper of the penitentiary, who should receive a salary of $3,000 a year. This statute and said section 4 thereof were amended by chapter 761, p. 1638, of the Laws of 1895, which was entitled "An act to amend chapter two hundred and sixty-one of the Laws of eighteen hundred and eighty-five, entitled 'An act in relation to the management of the Albany Penitentiary.'" So far as important here, that amended section 4 so as to read as follows:

"Sec. 4. The Albany penitentiary commission shall within fifteen days after the tenth day of June, eighteen hundred and ninety-five, and each five years thereafter for a period of five years appoint the superintendent or principal keeper of the Albany penitentiary, who shall receive a salary of three thousand dollars a year and shall not be engaged in any business or any other occupation or employment. They shall also by general rules fix and prescribe the number of subordinate officers and employés, who shall be appointed by such superintendent, and their respective salaries and duties."

In the year 1902, chapter 127, p. 387, of the Laws of that year was passed, which is entitled "An act to amend chapter two hundred and sixty-one of the Laws of eighteen hundred and eighty-five, entitled 'An act in relation to the management of the Albany Penitentiary,' relative to the salary of the keeper of said penitentiary." This statute amended section 4 only, and, so far as is important in this examination, it reads as follows:

"Sec. 4. The Albany penitentiary commission shall within fifteen days after the tenth day of June, eighteen hundred and ninety-five, and each five years thereafter for a period of five years, appoint a superintendent or principal keeper of the Albany Penitentiary whose salary shall be fixed by the said commission and who shall not be engaged in any business or any other occupation or employment. They shall also by general rules fix and prescribe the number of subordinate officers and employees who shall be appointed by said superintendent and their respective salaries and duties. They are also hereby authorized and empowered whenever in their discretion it seems to them to be for the best interests of the county of Albany to dispense with the services of a superintendent or principal keeper of said penitentiary and place the same in the custody, care, management and control of the sheriff

of the county of Albany, who shall serve without any extra compensation, and who shall have the same powers and be subject to the same duties as are now prescribed for the superintendent of said penitentiary, subject, however, to the supervision of the said commission and the duties and powers now conferred on it. The said commission are also authorized and empowered whenever in their discretion it is for the best interest of the county of Albany to discontinue and close said penitentiary and abandon its use as a prison, and to sell the same and all the lands and appurtenances connected therewith in the name of the county of Albany."

The point is made by the plaintiff that this statute is illegal and void, and comes within the inhibition of said section 16 of article 3 of the state Constitution, in that it is a private and local bill, and embraces more than one subject, which subjects are not expressed in the title. It cannot be successfully maintained, and is not attempted by the defendant, that this is not a private or local bill. It is. The subject clearly expressed in the title is that this amendment relates to the salary of the keeper of the Albany Penitentiary, and to that only. That is the way it would impress an ordinary observer. That is the way, undoubtedly, it would impress any person residing in Albany county interested in the Albany Penitentiary, and the way it would impress a member of the Legislature interested in the same institution, or desirous of being informed of the nature of proposed statutes submitted to him for legislative approval or disapproval. The object of this section of the Constitution has been held repeatedly to be to advise legislators and the public of the character of legislation presented for enactment in the Legislature of this state. "The manifest intention of the constitutional provision was to require sufficient notice of the subject of proposed legislation of a private or local character to be so expressed in the title as to put not only interested parties, but also all persons concerned in the proposed legislation, upon their guard, and to inform all persons reading it of the general purpose and scope of the act. While this is not required to be done by pursuing any particular formula, or with much detail of specification, and great liberality of construction should be indulged in by the courts to uphold the constitutionality of legislation, yet a due regard to constitutional requirements demand that, when its plain and obvious purposes are disregarded or evaded, the judgment of the court should give effect to its provisions." Johnston v. Spicer, 107 N. Y. 202, 203, 13 N. E. 753; Astor et al. v. The Arcade Railway Co., 113 N. Y. 93, 109, 110, 20 N. E. 594, 2 L. R. A. 789.

The subject of the salary of the superintendent or principal keeper of the penitentiary is not before me at all. The question here is whether, under the provisions of this act, the penitentiary commission can remove this superintendent or principal keeper prior to the expiration of his term, and turn this penitentiary over to the sheriff of the county of Albany, and constitute him the principal keeper and superintendent thereof. This, the plaintiff claims, the defendant, the penitentiary commission, intend to do, and it is not denied by this commission. Neither is it claimed by the commission that any other authority exists for this attempt on its part except the provisions of this statute of 1902. This penitentiary has been in existence for upwards of 50 years. It has always had a principal keeper or superin-

tendent. It has never been under the custody or control of the sheriff of the county of Albany, so that this particular act contemplated now by this commission under the claimed authority of this statute is a radical departure from the system that has existed in the county of Albany ever since the erection of this penitentiary. The penitentiary is a large penal institution. Criminals for various grades of crime have been and are sent there from Albany and other counties of this state. Criminals from the United States authorities have been sentenced to and confined within its walls; so that it is not in any sense a county jail. The act in question would materially change the nature of this institution. This is proposed to be done without any notice to the electors and taxpayers of the county of Albany, so far as the title of the act in question might give them notice, that such a change is contemplated.

Farther provision is made in the amendment, as will be seen, for the abandonment of this prison, and for the sale of the same by the commission. Upon the argument before me, it was substantially conceded by the commission that this provision would not be constitutional, and that a sale thereof could not be had without additional legislation. It was, however, strongly urged that that part of the statute was not before the court at this time, and that if one part of the act could be sustained as being constitutional it should be done, without any regard being had to other provisions which might come within the inhibition of the Constitution, as they were not involved in this controversy. But the difficulty with that contention seems to be that the only matter contained in this section which is not a reenactment of the prior law, and which is stated in the title as the subject of the act, is relative to the salary of the keeper. There is no suggestion in the title of the act that it is contemplated to turn the penitentiary over to the sheriff, or that various other things are contemplated. It has been held in Rathbone v. Wirth, 150 N. Y. 494, 45 N. E. 15, 34 L. R. A. 408, and People v. Mosher, 163 N. Y. 42, 57 N. E. 88, 79 Am. St. Rep. 552, that the question of the constitutionality of an act must be determined by the nature, character, and scope of the powers attempted to be conferred, whether actually exercised or not. There is no denial in this case. but that the commission intend to make this transfer. It is true that the courts will always attempt to uphold the constitutionality of an act of the Legislature. It is also true, and has abundant authority, that when part of an act in question is not within the inhibition of the Constitution, and other parts of the same act are within it, the courts will uphold the part of the act which does not contravene the letter of the section in question, provided it is such a substantial part that it can stand alone. But that is not this case. The commission has already, acting under this statute, reduced the salary of this superintendent, and he is receiving the reduced salary, so there is nothing relating directly to the salary of the keeper before this court for its action now.

This amendment of 1902, without reference to the existing law that was re-enacted by it, embraces the following subjects: (1) Authorizes the commission to fix the salary of the superintendent or

principal keeper; (2) authorizes it to dispense with his services, and place the penitentiary in the custody of the sheriff of the county of Albany; (3) provides that the sheriff shall serve without any extra compensation; (4) provides that the sheriff shall have the same powers and be subject to the same duties as are now prescribed for the superintendent of said penitentiary; in other words, it makes the sheriff superintendent or principal keeper; (5) authorizes the commission, in its discretion, to discontinue and close the penitentiary, and abandon its use as a prison; and (6) authorizes the commission to sell the penitentiary in the name of the county of Albany. Only one of these subjects is stated in the title.

The title is not a general one, as it would be if it were "An act to amend chapter two hundred and sixty-one of the Laws of eighteen hundred and eighty-five, entitled 'An act in relation to the management of the Albany Penitentiary,'" but is a specific one, in that it states that the proposed amendment is relative to the salary of the keeper of said penitentiary. The title, considered with reference to the subjects contained in the statute, is a misleading and deceptive one. It is against such statutes that this organic law was framed. People v. Hills, 35 N. Y. 453; Matter of Paul, 94 N. Y. 505, 506. See, also, Astor et al. v. The Arcade Railway Co., supra.

It is therefore held that the act in question is a private or local bill, that it embraces more than one subject, and the subject before the court is not expressed in the title, and that therefore, so far as its provisions are now in question, it is unconstitutional.

A temporary injunction pending the litigation retains the present position of the parties. No charges are made against the plaintiff. His competency is not questioned. Nearly one year had elapsed after the passage of this act of 1902 before this action was attempted, so that the commission had exhibited no great haste in acting thereunder. The temporary injunction may be continued pending the litigation.

The defendants had demurred to the complaint herein, and the demurrer was submitted at the same time. Holding as the court has done, it follows that the demurrer must be and is overruled, with leave, however, to the defendants to answer within 20 days.