(41 Misc. Rep. 249.)

SUTHERLAND v. LASHER et al.

(Supreme Court, Special Term, New York County.   July, 1903.)

1. JUDGMENT—VACATING—BANKRUPTCY—DISCHARGE.
    Where a voluntary bankrupt inserts a certain street number as the residence of a judgment creditor, when as a matter of fact he does not know such residence, it is a violation of Bankr. Law July 1, 1898, c. 541, § 7 (8), 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], providing that, if the residence is unknown, that fact shall be stated, and his motion to vacate the judgment and an execution issued thereon will be denied where the creditor had no notice of the bankruptcy proceeding until such motion.

2. SAME—DISCHARGE IN BANKRUPTCY.
    Where a motion is made by a bankrupt to vacate a judgment rendered against him and an execution levied thereon, appearance by the judgment creditor to oppose the motion is not a collateral attack on the discharge where his claim is that the discharge did not affect his judgment.

Action by George R. Sutherland against Lewis P. Lasher and others.   Motion to vacate judgment for plaintiff and an execution thereon denied.

Breck & Freeman, for the motion.
Edward Hassett, opposed.

GIEGERICH, J.   A motion is made by the judgment debtor, who has, since the rendition thereof, passed through voluntary bankruptcy, to vacate and cancel the judgment, and to vacate and set aside an execution which has recently been issued thereon.   The plaintiff, who is the judgment creditor, resists the application on the ground that when the defendant filed his petition and schedules praying for a discharge in bankruptcy the judgment in question was not properly scheduled, it being therein set forth as follows:

| Name. | Residence. | When and where Contracted. | Whether any. Judgment. | Amount. |
|---|---|---|---|---|
| Geo. R. Sutherland. | 135 Bway. | N. Y., 1900. | Judgment. | $291.86. |

The undisputed facts are that the judgment creditor has never resided nor had an office for the transaction of business of any character at No. 135 Broadway, New York City, either in the boroughs of Manhattan, the Bronx, Brooklyn, Queens, or Richmond. Also that at all times since a date prior to the rendering of the judgment he has been engaged as a private banker in the borough of Manhattan, and that his business address has appeared· properly printed in the city directory, and in some cases his residence address has also appeared. The replying affidavit of the defendant in support of the motion states that, according to the best of deponent's knowledge, information, and belief, the check given by Sutherland when discounting the note upon which the judgment in question was obtained "was drawn on the North America Trust Company at Number 135 Broadway, borough of Manhattan, New York City," and, further, that the deponent gained the impression at the time of the transaction "that said Sutherland did not reside in New York City, but resided somewhere in the northern portion of New York state, but where deponent did not know, and has never known prior to the date of the answering affidavits upon this motion." It also appears in the opposing affidavits that the name and address of the plaintiff's attorney was subscribed to the summons, and plainly printed on the cover inclosing the summons and complaint, and that the attorney's name and address have regularly appeared in the city and telephone directories since the time the judgment was rendered. It is also undisputed that the first information the plaintiff had that the defendant had been discharged of his debts in bankruptcy proceedings was when the motion papers in this application were served. Also ʻhat there is a street or highway called "Broadway" in each of the boroughs of Manhattan, the Bronx, Brooklyn, Queens, and Richmond, in the city of New York. Upon these facts it seems clear that the motion must be denied. The present bankruptcy act provides:

"Sec. 7. Duties of Bankrupts.—a. The bankrupt shall * * * (8) prepare, make oath to, and file in court, * * * with the petition if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences, if known; if unknown, that fact to be stated." Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425].

From this it is quite apparent that the schedule was defective. According to the defendant's statements now made, the address of the plaintiff was unknown to him; but, instead of so stating in the schedule, as the law requires, an incorrect, as well as indefinite and unauthorized, address was inserted. If it were necessary to pass upon the point, it would also have to be held that the words, "Residence, 135 Bway.," are not a sufficient designation of any residence, being in plain violation of the rules established by the United States Supreme Court governing the form of petitions and schedules, provision therein being made as follows:

"V. Frame of Petitions. All petitions and the schedules filed therewith shall be printed or written out plainly, without abbreviation or interlineation, except where such abbreviation and interlineation may be for the purpose of reference."

On behalf of the motion it is further urged that the discharge in bankruptcy cannot be collaterally attacked·in this proceeding. No such attempt is made by the plaintiff. The validity and effectiveness of the discharge in general are not questioned, the only point raised being that it does not extend to this particular claim for the reasons above mentioned. In Columbia Bank v. Birkett, 174 N. Y. 112, 117, 66 N. E. 652, 653, it was said:

"I think it was intended that the decree discharging the voluntary bankrupt should be confined in its operations to the creditors who had been duly listed, and who were enabled to receive the notices which the act provides for."

Motion denied, with $10 costs.