(45 Misc. 329)

## FELDMARK v. WEINSTEIN et al.

(Supreme Court, Appellate Term. November 10, 1904.)

1. TRIAL—DEFAULT—JURISDICTION.

The City Court of the city of New York has power to open plaintiff's default on a motion vacating the order entered on such default.

2. BANKRUPTCY—DISCHARGE—SCHEDULES—ADDRESS OF CREDITOR.

Where bankrupts scheduled a judgment creditor's address as unknown, and, though aware of the address of the creditor's attorney, failed to inquire as to plaintiff's address, and made no effort to ascertain it, for the purpose of evading their duty to give notice, and no notice of the bankruptcy proceedings was sent to him, either directly or in care of his attorney, it justified a finding that the debt had not been properly scheduled, within the meaning of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418].

3. SAME—DISCHARGE OF JUDGMENT—STATUTES.

Though Code Civ. Proc. § 1268, requiring the court to discharge a judgment on proper proof that the debt has been discharged by bankruptcy proceedings, is mandatory, it does not require the cancellation of a judgment not duly scheduled by the bankrupt judgment debtor, as the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) expressly excepts from the operation of a discharge such debts as have not been properly scheduled.

Appeal from Special Term, New York County.

Action by Sender Feldmark against Isaac H. Weinstein and others. From an order of the City Court of New York opening plaintiff's default on a motion vacating the order entered on said default, and denying defendants' motion to cancel and discharge a judgment on the ground of defendants' discharge in bankruptcy, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Shapiro & Shapiro, for appellants.
Julius Cohen and William Barnes, for respondent.

FREEDMAN, P. J. The power of the court below to open plaintiff's default being beyond question, the only question to be considered is whether defendants' motion to cancel the judgment on the ground of their discharge in bankruptcy was properly denied. The plaintiff claimed that the judgment should not be canceled, because his address was given in the bankruptcy schedules as unknown. This does not per se invalidate the discharge. But the plaintiff further showed that, although made aware of the ad-

dress of plaintiff's attorney by the summons and complaint and the judgment record, the defendants failed to inquire of him as to the address of his client; that they made no effort whatever to ascertain said address; that presumably they scheduled said address as unknown for the purpose of evading their duty to give notice; and that in fact no notice of the bankruptcy proceedings was sent to the plaintiff directly, or in care of said attorney. Upon all the facts presented, the court was justified in finding that the debt had not been duly scheduled, within the meaning of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], and that for such reason defendants' motion should not prevail. While it is true that the provisions of section 1268 of the Code of Civil Procedure are mandatory, in requiring the court to discharge a judgment when proper proof of the discharge of the debt is presented, yet the provisions of the bankruptcy act must be shown to have been complied with; and, where it is shown that the debt has not been duly scheduled, the court may refuse to cancel the judgment, for the bankruptcy act expressly excepts from the operation of a discharge such debts as have not been scheduled in time for proof and allowance with the name of the creditor, etc. See Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56, affirmed 87 App. Div. 633, 84 N. Y. Supp. 1148; Tyrrel v. Hammerstein, 33 Misc. Rep. 505, 67 N. Y. Supp. 717; Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652.

So far as there is any conflict of fact in the affidavits used on the motion, the court below has presumably passed upon the same, and there is nothing in the record to justify this court in adopting a different conclusion.

The order should be affirmed, with $10 costs and disbursements. All concur.

