(45 Misc. Rep. 581)

### BERNHEIM et al. v. BLOCH et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. WAIVER OF JURY.

Defendant's admission that no question of fact is involved, and consent "that there be no jury, and that your honor may direct a verdict," warrants the court in dispensing with a jury and passing on all the issues, and is not a submission on the theory that a verdict shall be directed.

2. APPEAL—FINDINGS OF FACT.

Defendant, in consenting that the court direct a verdict, not having reserved leave to make a motion to go to the jury on a question of fact in case the verdict be directed against him, the determination of the court as to all questions of fact is conclusive.

3. FINDINGS—PREPARATION BY PARTY—NOTICE.

Preparation and submission by a party, at the request of the court, without notice to the other party, of the findings as signed, is proper practice.

4. BANKRUPTCY—EFFECT OF DISCHARGE.

A finding that plaintiffs' judgment against defendant was not affected by his discharge in bankruptcy is authorized by evidence that neither their names as creditors, nor the judgment, nor the claim on which it was based, was correctly inserted in the schedules which he was required to file with his petition to be adjudged a bankrupt, and the absence of evidence that they had knowledge or notice of the bankruptcy proceedings.

Appeal from City Court of New York, Special Term.

Action by Charles L. Bernheim and others against Godfrey Bloch, impleaded. From a judgment for plaintiffs on a decision of the issues by a justice without a jury, defendant Bloch appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Julius J. Frank, for appellant.
Edward Harding, for respondents.

FREEDMAN, P. J. The defendant having expressly admitted that there was no question of fact involved in the case, and consented "that there be no jury, and that your honor may direct a verdict," the trial justice dispensed with a jury, and passed upon all the issues. This the consent "that there be no jury" fully warranted. Defendant's present claim that the case was submitted on the theory that a verdict should be directed is therefore without merit. But even if the trial justice, instead of making findings and a decision, had made a formal direction of a verdict, and judg-

ment had been entered thereon, the result would have been the same, ·inasmuch as the defendant had not reserved leave to make a motion to go to the jury upon any. question of fact in case the verdict should be directed against him. Consequently, in either aspect of the case, the determination of the trial justice as to all questions of fact should be held conclusive on this appeal.

Plaintiffs' practice in preparing and submitting, at the request of the court, and without notice to the defendant, the finding as signed, was authorized. Baylies, Tr. Pr. (2d Ed.) p. 382; Boyd v. Campbell, 12 Misc. Rep. 351, 33 N. Y. Supp. 557. The defendant might have moved for a resettlement, as held in Boyd v. Campbell, but no such motion was made. His ex parte application for additional findings was properly denied, because at that time no such right existed, and hence his exceptions to the refusals to find as requested are untenable.

The only remaining question, therefore, is whether there is evidence in support of the findings, which, briefly stated, are to the effect that the judgment upon which this action was brought was not affected by the defendant's discharge in bankruptcy, because neither the names of the plaintiffs as creditors, nor the judgment in question, nor the claim on which it is based, was correctly inserted in the schedules which the defendant was required to file in court with his petition to be adjudged a bankrupt. A careful examination of the whole case discloses that there is sufficient evidence upon these points, and that there is no evidence that the plaintiffs had either knowledge or notice of the bankruptcy proceedings. Under these circumstances, the final conclusion reached by the trial justice was correct. Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652; Tyrrel v. Hammerstein, 33 Misc. Rep. 506, 67 N. Y. Supp. 717; Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56, affirmed 87 App. Div. 633, 84 N. Y. Supp. 1148.

In view of what has already been said, it is not necessary to determine with precision whether, under the decisions of Dwight v. St. John, 25 N. Y. 203, and Riggs v. Pursell, 74 N. Y. 370, the defendant Bloch is concluded by the denial of his motion to cancel the judgment sued on; no appeal from the order of denial having been taken. Nor is it necessary to determine whether the defendant Bloch can urge his individual discharge against plaintiffs' judgment, which was recovered against him on a firm debt. The authorities seem to be against his claim in that respect.

The judgment should be affirmed, with costs. All concur.