(45 Misc. Rep. 591)

### SCHILLER et al. v. WEINSTEIN et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. JUDGMENTS—CANCELLATION—ORDER TO SHOW CAUSE—RELIEF DEMANDED.

Where an order was obtained requiring evidence to show cause why an order canceling a judgment on the ground of a discharge in bankruptcy should "not be reargued and resettled" so as to recite the appearance of an attorney as counsel for plaintiffs, and the reading and filing of certain affidavits specified, "and why such other and further relief as the court may deem proper in the premises should not be granted," it was error over objection to vacate the order of cancellation, such relief not being within the prayer of the order to show cause.

2. SAME—TIME.

Where an order to show cause was issued on less than five days' notice, without proof of necessity for a shorter notice, it was error for the court to proceed with the hearing over objection.

Appeal from City Court of New York, Special Term.

Action by Moses L. Schiller and others against Isaac H. Weinstein and others. From a City Court order vacating an order for the cancellation of a judgment, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-DERSLEEVE, JJ.

Joseph P. Joachimsen, for appellants.
Bernard H. Arnold, for respondents.

BISCHOFF, J. Defendants obtained an order canceling a judgment on the ground of a discharge in bankruptcy, and the plaintiffs instituted a motion by order to show cause why that order "should not be reargued and resettled so as to recite the appearance of Bernard H. Arnold, Esq., as counsel for the plaintiffs, and the reading and filing of the affidavits," etc., referring to a number of affidavits deemed to have been before the court, "and why such other and further relief as the court may deem proper in the premises should not be granted herein." The papers upon which the order to show cause was based concededly contained no suggestion of a reason for the notice of less than five days, thereby authorized, and the objection was taken by affidavit on the part of the defendants. Notwithstanding this objection, the court proceeded to hear the motion, and made an order, not for a reargument or resettlement, but for the vacating of the order obtained by the defendants in toto. This relief was not suggested by the order to show cause. It was different relief, not of the nature of the relief asked in a degree such as could bring it within the meaning of "other and further relief," and the defendants were not apprised by the order to show cause that the application would be directed to this end. If, however, the court had discretion to reach such a result upon a motion before it, there was no authority for the order upon this motion, since the order to show cause was not founded upon proof of necessity for shorter notice than the period prescribed for notice of a motion. Where the motion papers are thus defective, it is error for the court to proceed with the hearing, over objection, and

this error is of such a character as to require a reversal.   Proctor v. Soulier, 82 Hun, 353, 31 N. Y. Supp. 472.

Order reversed, with $10 costs and disbursements, and order thereby vacated reinstated.   All concur.