GRABER et al. v. GAULT et al.

(Supreme Court, Appellate Division, First Department. April 14, 1905.)

1. BANKRUPTCY—SETTING ASIDE JUDGMENT LIEN—PARTIES WHO MAY SET ASIDE LIEN.

Code Civ. Proc. § 1268, provides that a bankrupt may apply, on proof of his discharge, to the court in which a judgment was rendered against him, for an order directing the judgment to be canceled of record, and that the judgment, after its discharge, shall not be a lien on real property acquired by the bankrupt after his discharge. *Held*, that the owner of land on which a judgment against the bankrupt is an apparent lien may apply for cancellation under the statute.

2. SAME—NECESSARY SHOWING.

Bankr. Law July 1, 1898, c. 541, § 17, subd. 3, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3428], provides that a debt is not affected by a discharge where it has not been duly scheduled for proof and allowance in the name of the creditor, unless the creditor had actual knowledge of the proceedings in bankruptcy; and by section 21f, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], the discharge in bankruptcy is evidence of the jurisdiction of the court, the regularity of the proceedings, and the fact that the order was made. *Held*, that on a motion under Code Civ. Proc. § 1268, by the owner of land on which a judgment against the bankrupt is an apparent lien, to discharge a judgment, it is incumbent on the moving party to show that the debt had been scheduled or that the creditor had notice.

Appeal from Special Term, New York County.

Action by Peter Graber and another against John Gault and another. From an order directing the cancellation of a judgment in favor of plaintiffs in such action, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Simon Sultan, for appellants.
Edward W. S. Johnston, for respondents.

HATCH, J. This motion was made by Louis Meryash and Albert London. They are not parties to the action, but are the owners of certain real estate which was formerly owned by the defendant James Gault. The judgment entered against James Gault in the action appears of record to be a lien upon the real

property now owned by Meryash and London. The said judgment was entered against the defendant Gault on the 12th day of January, 1897, and the moving affidavit shows that he was discharged in bankruptcy in the District Court of the United States for the Southern District of New York, November 8, 1899, for all debts and claims provable by the acts of Congress which existed against his estate on September 22, 1899, save such debts as are excepted from the operation of such discharge. The moving party further shows that the judgment aforesaid was obtained upon a cause of action for a breach of contract, and that thereafter, and upon the 15th day of January, 1901, the said James Gault purchased the real property upon which the said judgment now appears to be a lien. Upon the 22d day of January, 1901, James Gault deeded the real property to his son John Gault, and subsequently, by various mesne conveyances, it has been conveyed to Louis Meryash and Albert London. James Gault died on the 3d day of March, 1901. The moving affidavit, however, fails to show that the judgment in question was scheduled in the bankruptcy proceeding. Proof of the foregoing facts is made by the son, John H. Gault. The learned court at Special Term granted the application, and directed that the judgment be canceled of record. It is claimed that the order is improper, for the reason that the application can only be made by the bankrupt himself. If this be correct, then it follows that no relief can be obtained, as he is dead. Section 1268 of the Code of Civil Procedure provides for the discharge of a judgment obtained against a bankrupt. Its language, so far as presently important, reads:

"At any time after one year has elapsed, since the bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, * * * for an order, directing the judgment to be cancelled and discharged of record. It it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order must be made directing said judgment be cancelled and discharged of record; * * * where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy."

The section further provides that notice of the application, accompanied by the papers upon which it is based, shall be served upon the judgment creditor or his attorney of record, and provides for service by publication in the event of death or of nonresidence, and for other reasons.

The purpose of this section was to provide for the discharge of a judgment which the bankrupt, by reason of his discharge in bankruptcy, becomes entitled to have removed from the records as an apparent lien. The intent of the section is in effect to provide a remedy for the removal of a cloud upon title to land. While the language of the section confers the right upon the bankrupt to move for the discharge, yet it is evident that the basis of the right is not personal, but is founded solely upon the discharge in bankruptcy.

That is the instrument which creates the right to secure the discharge, and, when the right secured thereby exists, I think the fair construction of the section is to confer upon any person who has succeeded to the rights possessed by the bankrupt authority to move for the discharge of the judgment in the name of the bankrupt, or in his own name, in like manner as the bankrupt could, had he continued to remain the owner of the property. The right to the discharge of the judgment depends upon the existence of two facts which the discharge in bankruptcy does not establish: First, that the judgment is one upon which the discharge can operate; and, second, that it was properly scheduled in the liabilities of the bankrupt, or the creditor had actual notice or knowledge of the proceeding. And these facts exist, if at all, quite independent of the personality of the bankrupt, and their operative force does not depend upon his continued existence, nor do they confer a right exclusively personal to him. The apply whenever the facts exist to which the Code provision is applicable. While the provision of the Code makes such a judgment invalid as a lien, yet it is not made so to appear until the essential facts are shown to exist. As extrinsic facts are required to be established, the judgment, although invalid, presumptively appears to be a judgment capable of enforcement. The existence of such a condition creates a cloud upon the title, and would authorize the maintenance of an action in equity for its removal upon an averment of the facts showing that it was invalid. Rumsey v. City of Buffalo, 97 N. Y. 114; Temple Grove Seminary v. Cramer, 98 N. Y. 121. It is evident that the provisions of the Code are not self-enforcing, and, before they can be given operative effect, the extrinsic facts must be established. Until this condition is made to appear, the invalidity of the judgment is not apparent, and nothing would stand in the way of its presumptive existence as a valid lien. We are therefore of the opinion that the moving parties, being the owners of the real property, have standing to make this motion.

It is further contended that, if this construction obtain, yet, it devolved upon the bankrupt to show that the discharge in bankruptcy operated as a discharge of the particular debt. It does not appear from the moving papers that the judgment sought to be discharged was scheduled in the liabilities of the bankrupt, nor does it appear that the creditor had notice or knowledge of the proceedings in bankruptcy. By the provisions of subdivision 3 of section 17 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3428]), it is provided that a debt is not affected by a discharge which has not been duly scheduled in time for proof and allowance in the name of the creditor, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. Section 21f (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]) provides for the effect of a discharge. It is made evidence of the jurisdiction of the court, the regularity of the proceedings, and the fact that the order was made. It does not seem to extend to the establishment of the fact that the debt was scheduled, or that the creditor had notice or knowledge of the proceeding. If these facts

do not appear, the creditor is exempted from the operative force of the discharge; and, as these facts must appear in order to make it operative, the fair conclusion is that the burden of showing such facts is devolved upon the bankrupt; and, if this burden was devolved upon him, then it must follow that those making claim under the discharge were required to establish the necessary facts to show that it operated upon the debt. Such was the express holding of the Supreme Court of Vermont in Bailey v. Gleason, 56 Atl. 537, and by the Supreme Court of Michigan in Wineman v. Fisher, 98 N. W. 404. Such, also, would seem to be the effect of the decision by the Court of Appeals in Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652. In that case it appeared that the creditor had no notice of the bankruptcy proceedings, and the debt was not scheduled. The creditors did, however, have notice of the discharge, and therefore had five months after such discovery in which it could have proved its claim, and, pursuant to the provisions of section 15 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), could have applied for the revocation of the discharge. It was held, upon proof of these facts, that the discharge did not operate to relieve the bankrupt from liability for the debt. This holding necessarily imposed upon the bankrupt, in order to make the discharge operative, proof that the debt had been scheduled or the creditor had notice; and, as these facts were not made to appear, the discharge as to the particular debt was inoperative. Certainly a party claiming under the bankrupt cannot occupy any better position than the bankrupt himself would occupy, and, as he claims under the discharge, he was required to make the same proof which the bankrupt would be required to make before he would be entitled to its benefits.

This leads us to the conclusion that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to renew the same upon additional proof.

VAN BRUNT, P. J., and O'BRIEN and LAUGHLIN, JJ., concur.

INGRAHAM, J. I concur in the result. I think that, under section 1268 of the Code of Civil Procedure, an application to cancel the lien of a judgment, based upon the discharge in bankruptcy of the judgment debtor, must be made by the bankrupt. This section gives the bankrupt a personal right to have the lien of a judgment which, but for the discharge, would be a lien upon real estate, canceled; and there is no authority to cancel such a lien, except on application of the bankrupt. I do not think, however, that this judgment ever was a lien on the property described in the moving papers. The section provides that after his discharge a judgment against a bankrupt shall not be a lien on real property acquired by him subsequent to the discharge, and under this provision the judgment in question was not a lien upon the real property of the moving party. If the judgment was not a lien, there was nothing for the court to do, as it could not discharge a lien which did not exist.