WESTHEIMER et al. v. HOWARD.

(Supreme Court, Appellate Term.   April 24, 1905.)

1. BANKRUPTCY—SCHEDULE OF CREDITORS—RESIDENCE OF CREDITORS—ERRO-
    NEOUS STATEMENT—EFFECT ON DISCHARGE—EVIDENCE.
        Bankr. Act July 1, 1898, c. 541, § 7, subd. 8, 30 Stat. 548 [U. S. Comp.
    St. 1901, p. 3425], requires the bankrupt to file a schedule of his property,
    containing a list of his creditors, showing their residences.  Section 17
    (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) declares that a discharge
    shall release a bankrupt from his debts, except such as have not been
    duly scheduled, unless the creditor had notice or knowledge of the pro-
    ceedings.  A bankrupt in his schedule stated the residence of a creditor
    as New York City, while he resided in Cincinnati.  After the discharge
    the creditor sued the bankrupt on his claim.  The bankrupt pleaded his
    discharge.  Held, that the creditor was entitled to show that he did not
    receive any notice or had any actual knowledge of the bankruptcy pro-
    ceedings.

2. PRESUMPTIONS.
        There is no presumption that a letter addressed to 317 Main street,
    New York City, reached the addressee residing at 317 Main street, Cin-
    cinnati.

Appeal from Municipal Court, Borough of Manhattan, Seventh
District.

Action by Ferdinand Westheimer and others against Michael D.
Howard.  From a judgment for defendant, plaintiffs appeal.  Re-
versed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-
BAUM, JJ.

Wilbur F. Earp, for appellants.
I. Robert Spear, for respondent.

LEVENTRITT, J.   The action was for goods sold and deliv-
ered; the defense, a discharge in bankruptcy.  To meet this, the
plaintiffs showed that before and since the bankruptcy they were
all nonresidents, residing in the city of Cincinnati, in the state of
Ohio; that the schedule stated the plaintiffs' claim as follows:
"F. Westheimer & Sons, 317 Main Street, New York City, Liquors,
134.27;" and thereupon offered in evidence a deposition in which
the following questions, among others, were put to one of them:
        "Did you at any time between August 22, 1901, and November 4, 1901, re-
    ceive any notice that the said defendant, Michael D. Howard, had filed a pe-
    tition in bankruptcy?"   "When and through whom did you first learn of said
    defendant's bankruptcy proceedings?"   "Did your firm between August 22,
    1901, and November 4, 1901, or at any time, receive any written or printed
    notice of the petition of the defendant in bankruptcy, or of any meeting of
    his creditors, or of his application for discharge in bankruptcy?"

These questions were excluded, when they should have been ad-
mitted, and, as they go to the very gist of the case, the exclusion con-
stitutes reversible error.  The bankruptcy law of July 1, 1898, c. 541,
§ 7, subd. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], requires the
bankrupt to prepare, verify, and file a schedule of his property con-
taining, "a list of his creditors, showing their residences, if known,
if unknown that fact to be stated  *  *  *."   Other provisions

contemplate various notices to creditors of successive steps in the proceeding. Section 17 (30 Stat. 550, 551 [U. S. Comp. St. 1901, p. 3428]) declares that "a discharge in bankruptcy shall release a bankrupt from all his provable debts except such as  *  *  *  (3) have not been duly scheduled in time for proof and allowance with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." In Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, Gray, J., says:

"In my opinion, there are features in the present bankruptcy act which differentiate it from preceding acts, and which indicate a legislative intent that greater strickness shall prevail in notifying the creditor of the various proceedings in bankruptcy."

If, by the default of the bankrupt, no notice reaches the creditor, and no actual knowledge on his part is shown, the debt is not discharged. The schedule of debts which the bankrupt files furnishes the basis for the notices sent by the referee or the court, and "thus the bankrupt appears to be made responsible for the correctness of the list of his creditors." 174 N. Y. 116, 66 N. E. 653.

In the case at bar the schedule gives the address 317 Main street, New York City. There is no presumption that notices so addressed reached them at 317 Main street, Cincinnati, Ohio. The questions excluded by the justice were competent to show, first, that no notices reached the plaintiffs, and, secondly, that they had no actual knowledge of the proceedings. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.