SCHILLER et al. v. WEINSTEIN et al.

(Supreme Court, Appellate Term.   June 22, 1905.)

BANKRUPTCY—DISCHARGE—RIGHTS OF CREDITOR NOT SERVED WITH NOTICE.
　　Where a judgment creditor of a bankrupt was given no notice, and had no knowledge of the filing of the petition in bankruptcy, of the notice to creditors to prove their claims, of the application for a discharge, or of the discharge itself, and the schedule gave the residence of the judgment creditor as unknown, although it was ascertainable by the exercise of ordinary diligence, the discharge did not extend to the judgment in question.

Appeal from City Court of New York, Special Term.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Shapiro & Shapiro, for appellants.

Reeves, Todd & Swain (Bernard H. Arnold, of counsel), for respondents.

MacLEAN, J.   From the record it appears that the defendants were duly adjudged bankrupts and discharged from all debts and claims provable under the acts of Congress relating to bankruptcy, and existing on the 13th day of April, 1899, by order of the District Court of the United States for the Southern District of New York, and dated June 7, 1899.   By notice dated June 20, 1904, and pursuant to section 1268 of the Code of Civil Procedure, they moved the court below for an order canceling and discharging of record a judgment entered there on May 28, 1895, in favor of the plaintiffs and against themselves, and by affidavit declared that said judgment was duly scheduled, and "that the said judgment was not, nor was the debt upon which the same was founded, excepted from the operation of such discharge."   By the provisions of the section of the Code, above indicated, "if it appears upon the hearing that he had been discharged from the payment of that judgment or the debt upon which such judgment was recovered an order must be made directing said judgment be cancelled and discharged of record."   Thus far were the defendants entitled to an order of cancellation which was entered on June 27, 1904.   Thereafter, upon an order to show cause, the order of June 27th was canceled, and the motion to cancel the judgment was denied.   That determination was reversed by this court because of want of reason for short notice (45 Misc. Rep. 591, 91 N. Y. Supp. 76), without prejudice, however, to an application de novo for a reargument upon proper notice.   The motion for reargument was made and granted, but the motion of the defendants for cancellation was denied.   This the defendants now contend was improper, but the opposing affidavits of the plaintiffs clearly establish "that no notice or knowledge of the filing of the petition, or of the adjudication in bankruptcy of the above-

named defendants, or notice to creditors to prove claims, or of the application for the discharge, or the discharge in bankruptcy of the defendants herein, or of any of the bankruptcy proceedings of these defendants, has ever been had or received"; and, further, by copy of the schedule, that the residence of the judgment creditors was given as unknown.

It appearing by affidavit that the residence of these creditors was ascertainable by the exercise of ordinary diligence, and that such diligence was required (In re Dvorak, 107 Fed. 76, 6 Am. Bankr. Rep. 66), the court below properly held the schedule defective, and denied the motion to cancel the judgment. By this determination "the validity and effectiveness of the discharge in general are not questioned," only "it does not extend to this particular claim." Sutherland v. Lasher, 41 Misc. Rep. 249, 251, 84 N. Y. Supp. 56, and affirmed in 87 App. Div. 633, 84 N. Y. Supp. 1148, without opinion.

Order affirmed, with costs and disbursements. All concur.