(49 Misc. Rep. 611)

### VAUGHN v. IRWIN.

(Supreme Court, Appellate Term. December 21, 1905.)

BANKRUPTCY— SCHEDULES—ADDRESS OF CREDITOR—DISCHARGE.

That a bankrupt in his schedules erroneously stated the place of residence of a judgment creditor to be 31 N. street is no ground for refusing to vacate the creditor's judgment after discharge of the bankrupt; the bankrupt having given such address, because, when he called at the office of the attorneys of the judgment creditor, which was at such place, and asked for her address, stating that he wished to serve a notice on her, they said that a notice sent to that number would reach her, and such attorneys having on the day that the petition in bankruptcy was filed been served with a stay order from the federal court reciting the filing of the petition, so that they had actual notice of the commencement of such proceedings.

Appeal from City Court of New York, Special Term.

Action by Grace Vaughn against Fred Irwin. From an order denying a motion to cancel and discharge of record a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Jno. Sullivan, for appellant.

Eidlitz & Hulse, for respondent.

SCOTT, P. J. Appeal from an order denying a motion to cancel and vacate a judgment by reason of the discharge in bankruptcy of the judgment debtor. The motion was denied because in the schedules

the plaintiff's residence was stated as No. 31 Nassau street, New York City, whereas she had never resided there, but did in fact reside elsewhere. Ordinarily this fact would be quite sufficient to warrant a denial of the motion to vacate, but the circumstances of this case are unusual. The defendant's attorney swears that he called at the office of plaintiff's attorneys, which was at No. 31 Nassau street, and inquired plaintiff's address, saying that he wished to serve a notice upon her, and that one of the attorneys said that a notice sent to that building would reach her. This is not denied or attempted to be modified in any way by plaintiff's attorneys. We might, if there was anything to support it, readily believe that what the plaintiff's attorney said was that a notice addressed to that building, in care of her attorneys, would reach her; but no such statement is made, and we must therefore accept the statement of defendant's attorney as it is made. Furthermore, the very day that the petition in bankruptcy was filed, plaintiff's attorneys were served with a stay order issued out of the United States District Court reciting the filing of the petition. The plaintiff's attorney, therefore, had actual notice of the commencement of the proceedings, and could have protected their client's interests, if necessary.

In my opinion the order should be reversed, with $10 costs and disbursements, and the motion granted. All concur.