## WEIDENFELD v. TILLINGHAST.

(City Court of New York, Special Term. January, 1907.)

**1. BANKRUPTCY — JUDGMENT — DISCHARGE — SCHEDULE OF DEBT—NOTICE TO CREDITOR—BURDEN OF PROOF.**

On an application to cancel a judgment, as authorized by Code Civ. Proc. § 1268, because the defendant has been discharged from his debts in bankruptcy, the burden is on the bankrupt to establish either that the debt was duly scheduled or that the creditor had notice or actual knowledge of the bankruptcy proceedings, as provided by Bankr. Act July 1, 1898, c. 541, § 17, subd. 3, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 840.]

**2. SAME—STATUTES—SCHEDULES.**

Plaintiff, a creditor of defendant, who subsequently became a bankrupt, resided at Oyster Bay, N. Y. The bankrupt's schedules stated plaintiff's residence as "43 Exchange Place, borough of Manhattan, New York City," which was plaintiff's office or business address. Plaintiff received no notice of the proceedings and had no actual knowledge thereof. *Held*, that the debt was not duly scheduled, because of the failure to specify the creditor's residence, as required by Bankr. Act July 1, 1898, c. 541, § 7, subd. 8, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], and that the defendant's discharge did not relieve him from liability for such debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 775.]

Action by Camille Weidenfeld against Henry Tillinghast. On motion for an order canceling a judgment pursuant to a discharge of the defendant in bankruptcy. Denied.

Weekes Bros., for plaintiff.
B. Benjamin Schiff, for defendant.

WADHAMS, J. Motion is made, pursuant to section 1268 of the Code of Civil Procedure, for an order canceling the judgment herein on the ground that the defendant has been discharged from his debts in bankruptcy.

Section 7, subd. 8, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]), requires the bankrupt to file a schedule of his property and a list of his creditors, "showing their residences, if known; if unknown, that fact to be stated." By section 17, subd. 3, it is provided that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." The burden of proof is upon the bankrupt to establish the fact that the debt was duly scheduled or that the creditor had notice or actual knowledge of the proceedings in bankruptcy. Graber v. Gault, 103 App. Div. 511, 93 N. Y. Supp. 76. The bankruptcy proceedings were in the year 1904. It appears that the creditor did not receive notice and had no knowledge or information of the bankruptcy proceedings until the present year. During the year 1904 the creditor resided at Oyster Bay, Nassau county, N. Y. The schedule filed states his residence as "43 Exchange Place, borough of Manhattan, New York City." This was the creditor's office or business address. As the creditor had no notice or knowledge of the proceedings in bankruptcy the debt due him was not discharged unless it was "duly scheduled." The inquiry, therefore, is whether or not a debt is "duly scheduled" when the office address, instead of the residence, is shown in the schedule under the designation of residence.

An examination of the authorities fails to show a determination of this question. It has frequently been held that, where there was no notice or knowledge of the proceedings and the debt was not scheduled, such debt was not discharged. Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, 102 Am. St. Rep. 478, affirmed 195 U. S. 345, 25 Sup. Ct. 38, 49 L. Ed. 231; Graber v. Gault, 103 App. Div. 511, 93 N. Y. Supp. 76; Broadway Trust Co. v. Manheim, 47 Misc. Rep. 415, 419, 95 N. Y. Supp. 93; Bernheim v. Bloch, 45 Misc. Rep. 581, 91 N. Y. Supp. 40; Tyrrel v. Hammerstein, 33 Misc. Rep. 505, 67 N. Y. Supp. 717. Where an incorrect address was given in the schedule, and it did not appear that the creditor had notice or knowledge, the debt was not discharged, as in Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56, affirmed without opinion 87 App. Div. 633, 84 N. Y. Supp. 1148 (where the address given as "135 Bdwy" was neither office nor residence), Westheimer v. Howard, 47 Misc. Rep. 145, 93 N. Y. Supp. 518 (where the address was given as No. 317 Main Street, New York City, and the creditor resided at No. 317 Main street, Cincinnati, O.), and Haack v. Theise, 51 Misc. Rep. 3, 99 N. Y. Supp. 905 (where the residence was indicated by ditto marks, referring to the preceding claim on the schedule, as "care of New York Clipper, N. Y. C."). Even where the residence of a judgment creditor was, pursuant to the act, scheduled as "unknown," it has been held, if the residence appeared to have been

ascertainable by the exercise of reasonable diligence and the creditor did not have notice or knowledge of the various steps in the bankruptcy proceedings, that the debt was not discharged. Schiller v. Weinstein, 47 Misc. Rep. 622, 94 N. Y. Supp. 763; Feldmark v. Weinstein, 45 Misc. Rep. 329, 91 N. Y. Supp. 633.

There are cases in which it has been held that the debt was discharged, and in which an office address was inserted in place of a residence address in the schedule; but, these cases did not hold that the debt had been duly scheduled, and were decided upon the ground that the creditor had notice. In Matter of David, 44 Misc. Rep. 516, 90 N. Y. Supp. 85, the schedule showed the residence as "care of De Witt, Lockman & De Witt, att'ys, 88 Nassau St., N. Y. C." The creditor was absent from the United States, and his attorneys gave the bankrupt their address, and stated that all communications for the judgment creditor should. be addressed to them. The court said at page 518 of 44 Misc. Rep. and page 86 of 90 N. Y. Supp:

"It is significant that there is no claim whatever made that the judgment creditor was not fully informed of every step, and from the facts above stated it is obvious that he did personally · receive such information, or is charged with it through his attorneys and agents."

In Grosso v. Marx, 45 Misc. Rep. 500, 92 N. Y. Supp. 773, two residences were given as No. 45 Wall street and as No. 203 Broadway; both addresses being office buildings. The court says:

"Reliance is placed upon Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56; but that case is altogether different from the present in the very important circumstance that there the creditor whose name or address was incorrectly stated in fact received no notice of the proceedings, whereas in the present case each creditor did receive notice, or, at any rate, had knowledge of the proceeding, and was represented in person or by attorney."

In Vaughn v. Irwin, 49 Misc. Rep. 611, 96 N. Y. Supp. 742, the residence was stated as No. 31 Nassau street, New York City. The bankrupt's attorney called at the office of the creditor's attorney, which was No. 31 Nassau street, and inquired the creditor's address, saying that he intended to serve a notice upon her, and one of the creditor's attorneys said that a notice sent to the building would reach her. Her attorneys were served with a stay reciting the filing of the petition. The court said:

"The plaintiff's attorneys, therefore, had actual notice of the commencement of the proceedings, and could have protected their client's interests, if necessary."

I find no case holding, where it appears no notice was received and the creditor had no knowledge of the proceedings, that the giving a business address is compliance with the bankruptcy act, which requires that the residence be shown. A dictum in the case last cited states that it is not. Mr. Justice Scott, writing for the Appellate Term, says:

"The motion was denied because in the schedules the plaintiff's residence was stated as No. 31 Nassau street, New York City, whereas she never resided there, but did in fact reside elsewhere. Ordinarily this fact would be quite sufficient to warrant a denial of the motion to vacate, but the circumstances of this case are unusual."

In the case before me there are no unusual circumstances to show that the creditor or his attorney had notice. It may be that proof of the maintenance of an office at an address given in a schedule and of notice mailed to such an address would be sufficient to make out a prima facie case of notice to the creditor. It affirmatively appears, however, in this case that no notice was received. Rule 1 of the rules in bankruptcy for the Southern district of New York, which provides: "The schedules as respects creditors in the city of New York, should state the street and number of their residence or place of business, so far as known"—does not aid the petitioner. Should the rule be held applicable to creditors residing outside the city of New York, rules may not enlarge the statute, but are merely prescribed to carry the act into force. Section 30, Bankr. Act; In re Soper, 1 Am. Bankr. Rep. 193; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098.

The creditor not having had notice or knowledge of the bankruptcy proceedings, and the debt not having been duly scheduled, the motion is denied.