## SHTRAX v. WARM.

### (Supreme Court, Appellate Term. February 4, 1907.)

APPEAL—REVIEW—CONFLICTING EVIDENCE.

 The finding, on conflicting evidence, on a motion to vacate and set aside a judgment for plaintiff on the ground that defendant had been relieved therefrom by his discharge in bankruptcy, that defendant had used reasonable diligence in vain to discover plaintiff's address, so that he was entitled under Bankr. Act July 1, 1898, c. 541, § 7, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], to give plaintiff's address in the schedule of property as "unknown," will not be disturbed.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3983–3989.]

Appeal from City Court of New York, Special Term.

Action by Samuel Shtrax, assignee of Jacob Wolf, against Morris Warm. From an order vacating and setting aside a judgment, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Michael H. Harris, for appellant.

Schenkman & Brown (Edward A. Brown, of counsel), for respondent.

GILDERSLEEVE, J. On August 5, 1902, one Jacob Wolf obtained a judgment by default against defendant. On July 17, 1903, said judgment was assigned to plaintiff. The judgment was never paid. On January 30, 1904, defendant filed a petition in bankruptcy, and on the 16th of May, 1904, he obtained his discharge in bankruptcy from all provable debts and claims which existed on the 30th day of January, 1904, against his estate, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy. On or about November 16, 1906, defendant made a motion, under section 1268 of the Code of Civil Procedure, to vacate and set aside said judgment upon the ground that he had been relieved therefrom by reason of his discharge in bankruptcy. This motion was granted, and from the order entered thereon plaintiff appeals.

The appellant contends that the discharge of defendant did not cover this judgment, for the reason that in the bankruptcy schedules the plaintiff's address was given as unknown, without any real and bona fide attempt having been made to ascertain plaintiff's address and give him notice of the bankruptcy proceedings. Section 7 of the bank-

ruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) requires the giving of the addresses of creditors in the schedule of property, "if known, and if unknown that fact to be stated." Section 58 of the said statute (30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) requires a notice to creditors of every important step in the bankruptcy proceeding. For the first meeting the notice should be sent to the addresses given in the schedule, and thereafter to those specified on the proof of debt, unless a request giving a specified address be filed. Collier on Bankruptcy (5th Ed.) pp. 427, 428. It is well settled that to schedule the residence of a creditor as "unknown" will not relieve the bankrupt of the debt unless reasonable efforts have been made in vain to ascertain the creditor's address, or unless such creditor has notice or actual knowledge of the bankruptcy proceedings. Schiller v. Weinstein, 47 Misc. Rep. 623, 94 N. Y. Supp. 763; Westheimer v. Howard, 47 Misc. Rep. 146, 93 N. Y. Supp. 518; Bankr. Act July 1, 1898, c. 541, § 17, subd. 3, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]. Defendant claims he used the utmost diligence to ascertain the address of plaintiff, but was unable to do so. He says he had never heard of plaintiff until his lawyer told him that plaintiff's name and address should be put in the schedule as assignee and owner of the judgment in question. Defendant made inquiries and was told that he could find plaintiff on a certain evening at a certain restaurant. He says he went there, with one Eckman, and that a certain man was pointed out to him as Samuel Shtrax; that he asked such person if he were the owner of the judgment, and received an affirmative answer; that he told this person that he was about to file his petition in bankruptcy and wished to know the address of said Samuel Shtrax, but that said Shtrax refused to give him his address; that defendant made inquiries of other persons without success, and was compelled to schedule the residence as unknown. Hyman Eckman corroborates the statements of defendant in the above particulars. Defendant also states that he called on Wolf, the original judgment creditor, and asked for the address of Samuel Shtrax, the assignee of said judgment; but Wolf was unable to give him any information on the subject. Both Wolf and the plaintiff flatly deny the statements of defendant, and the conflicting affidavits raise a square issue of fact. Wolf swears that he knew plaintiff's address, and would have given it to defendant if the latter had asked for it, but that he made no inquiries of him at all. Plaintiff swears he never met defendant at a restaurant and was never asked for his address by defendant. The court below, as we have seen, believed defendant, and we do not feel warranted in disturbing the conclusion reached by him.

The order is affirmed, with $10 costs and disbursements. All concur.