(53 Misc. Rep. 399.)

## HITCHINGS v. SIMMONS.

(Supreme Court, Special Term, New York County.    March, 1907.)

JUDGMENT—OPENING DEFAULT.

Where the defense in an action was a discharge of defendant in bankruptcy, and he had stated in his schedules that plaintiff's address was unknown, a motion to open default will be denied, where the moving papers do not show that such omission was due to inability to discover plaintiff's whereabouts after reasonable diligence.

Action by Hector M. Hitchings against James A. Simmons.    Judgment for plaintiff.    Motion to open default denied.

L. W. Thompson, for plaintiff.

A. L. Cohn, for defendant.

GREENBAUM, J.    The opening of a default appeals to the discretion of the court, and should not be exercised where it may work inequity.    It is not denied that plaintiff's address was scheduled "unknown" in the bankruptcy proceedings, and no affidavit is presented by defendant as to his lack of knowledge or of reasonable opportunity to become apprised of plaintiff's address.    There is no doubt that plaintiff's address could readily have been ascertained, and a failure to explain why the address was not mentioned in the schedules, or why plaintiff was not given notice of the bankruptcy proceedings, is very significant.    Defendant, too, makes no denial of plaintiff's charge that he concealed assets in bankruptcy.    Unless defendant could establish that his failure to give the address of plaintiff or to apprise him by notice of the bankruptcy proceedings was due to his inability to discover his whereabouts after reasonably diligent and honest effort on his part, his defense would not avail him.    Feldmark v. Weinstein, 45 Misc. Rep. 329, 90 N. Y. Supp. 478; Graber v. Gault, 103 App. Div. 514, 93 N. Y. Supp. 76.    Under the circumstances here presented, the motion will be denied.